GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
Julianna M. Simon (SBN 307664)
Julianna.Simon@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

[Additional attorneys are listed on next page]

*Attorneys for Defendant Shein Distribution Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIANHAI LACE CO. LTD., TIANHAI LACE (GUANGDONG) LTD. and TIANHAI LACE USA INC., <br><br> Plaintiffs, <br> v. <br><br> ZOETOP BUSINESS CO. LIMITED d/b/a SHEIN; SHEIN DISTRIBUTION CORPORATION; FASHION MARKETING AND MERCHANDISING GROUP, INC.; ROADGET BUSINESS PTE., LTD.; STYLE LINK LOGISTICS, LLC; and DOES 1-10, <br><br> Defendants. | Case No.:  2:22-cv-06106-JLS-MRW <br><br> **DEFENDANT SHEIN DISTRIBUTION CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> Judge: Hon. Josephine L. Staton <br> Action Filed: August 26, 2022 |

GREENBERG TRAURIG, LLP
Andrew F. Halaby (CA SBN 282519)
HalabyA@gtlaw.com
2375 E. Camelback Road, Suite 700
Phoenix, AZ 85016-9000
Tel: 602-445-8373

GREENBERG TRAURIG, LLP
Justin A. MacLean (*Admitted Pro Hac Vice*)
Justin.MacLean@gtlaw.com
One Vanderbilt Avenue
New York, NY 10017
Tel: 212-801-9200; Fax: 212-801-6400

Defendant Shein Distribution Corporation ("SDC") by and through its counsel, hereby responds to the First Amended Complaint filed by Plaintiffs Tianhai Lace Co. Ltd., Tianhai Lace (Guangdong) Ltd. and Tianhai Lace USA Inc.'s (collectively, "Plaintiffs" or "Tianhai") (ECF 36, the "FAC") as follows:

## NATURE OF THE ACTION

1.      This is a civil action for copyright infringement under federal law.

**ANSWER:**

SDC admits that Plaintiffs have purported to allege claims for copyright infringement against SDC, but denies that those claims have merit.

2.      Tianhai brings this action seeking injunctive relief, lost profits, actual damages (or statutory damages), and attorneys' fees and costs arising out of Defendants' willful infringement of Tianhai's exclusive rights in lace designs.

**ANSWER:**

SDC admits that Plaintiffs have purported to allege claims for copyright infringement against SDC, but denies that those claims have merit.

## THE PARTIES

3.      Plaintiff Tianhai Lace Co., Ltd. is a limited company of China with a principal address at Room 1120, No. 9 Linhe West Road, Tianhe District, Guangzhou City, Guangdong Province, China.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC and, therefore, denies them.

4.      Plaintiff Tianhai Lace (Guangdong) Ltd. is a limited company of China with a principal address at No. 213 Lianuang Road, Economy and Technology Development District, Guangzhou City, Guangdong Province, China.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC and, therefore, denies them.

5.     Plaintiff Tianhai Lace USA Inc. is a corporation of New York with a principal address at 152 Madison Avenue, Room 1103, New York, NY 10016.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC and, therefore, denies them.

6.     Defendant Zoetop Business Co. Limited d/b/a SHEIN ("Zoetop") is a limited company of Hong Kong having places of business at least at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong, and Datang Town Sanshui Industrial Park, Fo Shan, Guangdong 528100, China.  Defendant Zoetop owns trademark applications and registrations for the mark SHEIN in connection with clothing, textiles, accessories, jewelry, bags, and online retail services with the United States Patent and Trademark Office, namely Registration Nos. 5256688, 5880290, 5840545, 5893348, 5893349, 5893350, 5909109, 6166048, 6166049, 6181709, 6224013, 6224084, and Application Serial Nos. 87857183, 87857188, 88107563, 88107571, 88809710, 88400811, under the same address at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong.

**ANSWER:**

These allegations are directed to Zoetop Business Co., Ltd. ("Zoetop"). A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Zoetop is a Hong Kong limited company. SDC denies the remaining allegations of Paragraph 6 of the FAC.

7.     Defendant SHEIN Distribution Corporation ("SHEIN") is a Delaware corporation having its principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

**ANSWER:**

SDC admits that it is a Delaware Corporation but denies that its principal place of business is at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

8.     SHEIN uses the website at www.shein.com and "any mobile applications" to "sell products" to U.S. consumers, as well as to "collect payment and process" returns by U.S. consumers. These products include the infringing products that were test purchased by Plaintiffs' investigators. A true and correct copy of the SHEIN U.S. Terms and Conditions is attached as **Exhibit N**.

**ANSWER:**

The images and content depicted in Exhibit N to the FAC speak for themselves, and no response is required. To the extent a response is required, SDC admits that Exhibit N purports on its face to be a copy of a document entitled "SHEIN U.S. Terms & Conditions," located at the us.shein.com website, which document speaks for itself. SDC further admits that SDC sells products to U.S. consumers via the website us.shein.com and associated mobile applications. SDC denies the remaining allegations of Paragraph 8 of the FAC.

9.     Defendant Fashion Marketing and Merchandising Group, Inc. ("FMMG"), formerly incorporated as SHEIN Fashion Group, Inc., is a California corporation having its principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

**ANSWER:**

These allegations are directed to Fashion Marketing and Merchandising Group, Inc. ("FMMG"). A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, FMMG was a California corporation that was previously named Shein Fashion Group, Inc., and that had a principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746. SDC denies the remaining allegations of Paragraph 9 of the FAC.

10.     Five (5) days after Plaintiffs filed this complaint on August 26, 2022, Defendant FMMG filed a dissolvement with the State of California.

**ANSWER:**

These allegations are directed to FMMG. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information,

and belief, and without prejudice to the right and ability of any other defendant to respond, FMMG filed a dissolvement with the State of California on or around August 31, 2022, before it was served with the original complaint in this action. SDC denies the remaining allegations of Paragraph 10 of the FAC.

11.    FMMG was originally incorporated as Shein Fashion Group, Inc. with the State of California on December 22, 2015, as demonstrated by Articles of Incorporation of Shein Fashion Group, Inc., a true and correct copy of which is attached as **Exhibit A**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit A to the FAC speak for themselves. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit A purports on its face to be a copy of a document entitled "ARTICLES OF INCORPORATION of Shein Fashion Group, Inc.," which document speaks for itself. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the FAC and, therefore, denies them.

12.    On November 5, 2019, FMMG removed the word "Shein" from its company name in a filing with the State of California, as demonstrated by Secretary of State Certificate of Amendment of Articles of Incorporation, a true and correct copy of which is attached as **Exhibit B**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit B to the FAC speak for themselves. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit B purports on its face to be a copy of a document entitled "Secretary of State Certificate of Amendment of Articles of Incorporation," which document speaks for itself. SDC lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 12 of the FAC and, therefore, denies them.

13.    On December 10, 2019, FMMG disclosed its officers, including George Chiao as its Chief Financial Officer and Valerie Ho as its Secretary, all with the same address of 345 N. Baldwin Park Blvd., City of Industry, CA 91746, as demonstrated by Statement of Information, a true and correct copy of which is attached as **Exhibit C**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit C to the FAC speak for themselves. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit C purports on its face to be a copy of a document entitled "Corporate – Statement of Information" bearing a date of December 9, 2021, which document speaks for itself. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the FAC and, therefore, denies them.

14.    A search on the California Secretary of State also confirms that George Chiao is the Chief Executive Officer of Defendant Shein Distribution Corporation, as demonstrated by Statement of Information, a true and correct copy of which is attached as **Exhibit D**.

**ANSWER:**

SDC admits that George Chiao is SDC's Chief Executive Officer and that Exhibit D to the FAC purports on its face to be a copy of a document entitled "Statement of Information Corporation" bearing a date of July 29, 2022, which document speaks for itself. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the FAC and, therefore, denies them.

15.    George Chiao signed SHEIN's Statement and Designation by Foreign Corporation filed with the State of California on May 25, 2021, showing the same address of 345 N. Baldwin Park Blvd., City of Industry, CA 91746. In this filing, George Chiao represented that he is "a corporate officer and [is] authorized to sign on behalf of the foreign

corporation," SHEIN, a true and correct copy of which is attached as **Exhibit E**. Thus, George Chiao is a corporate officer of both SHEIN and FMMG, both of which have the same address.

**ANSWER:**

SDC admits that Exhibit E to the FAC purports on its face to be a copy of a document entitled "Statement and Designation by Foreign Corporation" bearing a date of May 25, 2021, which document speaks for itself, and that the document bears George Chiao's signature. SDC denies the remaining allegations contained in Paragraph 15 of the FAC.

16.    Defendant Roadget Business Pte. Ltd. ("Roadget") is a company of Singapore with an incorporation address at 112 ROBINSON ROAD, #03-01, ROBINSON 112, Singapore 068902.  Upon information and belief, Luo Ying is a registered officer of Roadget and an agent, employee or other representative of SHEIN.

**ANSWER:**

To the extent these allegations are directed to Roadget Business Pte. Ltd. ("Roadget"), a response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Roadget is a Singapore company and maintains an office in Singapore, but denies that Roadget's address is at 112 ROBINSON ROAD, #03-01, ROBINSON 112, Singapore 068902. SDC denies that Luo Ying is an agent, employee, or other representative of SDC. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the FAC and, therefore, denies them.

17.    Roadget is listed as the developer of the mobile application "SHEIN-Fashion Shipping Online" on Google Play at https://play.google.com/store/apps/details?id=com.zzkko&hl=en and the mobile application "SHEIN-Online Fashion" on App Store at https://itunes.apple.com/us/app/yub-streetwear-fashion-shopping/id878577184?mt=8, a true and correct copy of which is attached as **Exhibit F**.

**ANSWER:**

These allegations are directed to Roadget, and the images and content depicted in Exhibit F to the FAC speak for themselves. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit F purports on its face to be printouts from websites at https://apps.apple.com/us/app/yub-streetwear-fashion-shopping/id878577184 and https://play.google.com/store/apps/details?id=com.zzkko&hl=en each dated August 25, 2022, which documents speak for themselves. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the FAC and, therefore, denies them.

18.    Defendant Roadget owns and operates the website available at www.us.shein.com, the "SHEIN-Fashion Shipping Online" mobile application offered on Google Play, and the "SHEIN-Online Fashion" mobile application offered on App Store. See **Exhibit N**.

**ANSWER:**

These allegations are directed to Roadget, and the images and content depicted in Exhibit N to the FAC speak for themselves. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Roadget owns the us.shein.com website, the "SHEIN-Fashion Shipping Online" mobile application offered on Google Play, and the "SHEIN-Online Fashion" mobile application offered on App Store. SDC denies the remaining allegations contained in Paragraph 18 of the FAC.

19.    Tianhai's investigations revealed that Defendants sold products that incorporated Tianhai's copyrighted laces off the mobile applications "SHEIN-Fashion Shipping Online" on Google Play and "SHEIN-Online Fashion" on App Store.  A true and correct copy of Tianhai's test purchase confirmation is attached as **Exhibit G**.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 19 of the FAC contains allegations directed to SDC, SDC denies that it sold products that incorporated Tianhai's copyrighted laces off the mobile applications "SHEIN-Fashion Shipping Online" on Google Play and "SHEIN-Online Fashion" on App Store. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies them.

20.    Roadget shipped the products that incorporated Tianhai's copyrighted laces from China to Plaintiffs' investigators. These products were forwarded through a warehouse or storage facility in this District that is rented by Defendant SHEIN:

A true and correct copy of the shipping labels used on products purchased by Tianhai's investigators is attached as **Exhibits H and O**.

**ANSWER:**

To the extent these allegations are directed to Roadget, a response from SDC is not required. To the extent a response is required, SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the FAC and, therefore, denies them.

21.    Between November 28, 2021 and November 18, 2022 alone, Defendant Roadget shipped eighty-one (81) shipments of garments and accessories, including garments that infringe Tianhai's copyrighted lace designs, from China to Defendant SHEIN in Los Angeles, California through the ports of Los Angeles and Long Beach in this District. A true and correct copy of these importation and shipment details is attached as **Exhibit P**. The total weight of these imported products amounts to 1,694,698 pounds.

**ANSWER:**

To the extent these allegations are directed to Roadget, a response from SDC is not required. To the extent a response is required, SDC denies the allegations contained in

Paragraph 21 of the FAC.

22.    Upon information and belief, Roadget routinely ships products, including the infringing products to the US, including through ports located in this District.

**ANSWER:**

These allegations are directed to Roadget. A response from SDC is not required. To the extent a response is required, SDC denies the allegations contained in Paragraph 22 of the FAC.

23.    Defendant Style Link Logistics, LLC ("Style Link") is a limited liability company of Indiana, which is registered to do business in California with the address of 345 N. Baldwin Park Blvd., City of Industry, CA 91746.  A true and correct copy of Defendant Style Link's Application to Register a Foreign Limited Liability Company (LLC) filed with the State of California on May 25, 2021 is attached as **Exhibit Q**.  This address is identical to the addresses of and listed with the State of California by Defendants SHEIN and FMMG.

**ANSWER:**

These allegations are directed to Style Link Logistics, LLC ("Style Link"). A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Style Link is an Indiana limited liability company and Exhibit Q purports on its face to be a copy of a document entitled "Application to Register a Foreign Limited Liability Company (LLC)" bearing a date of May 25, 2021, which document speaks for itself. SDC denies that the address listed on Exhibit Q is identical to the address listed with the State of California by SDC. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the FAC and, therefore, denies them.

24.    Defendant Style Link imports products to the U.S. for Defendant Roadget and Defendant SHEIN.  A true and correct copy of customs database details through the ports of Los Angeles and Long Beach, California and a graphic chart outlining the relationships between Defendants Style Link, Roadget, and SHEIN from ImportGenius is attached as

**Exhibit R**. Upon information and belief, these imported products to California and the U.S. contain the infringing products that incorporated Tianhai's copyrighted laces without any permission or consent by Plaintiffs.

**ANSWER:**

To the extent these allegations are directed to Style Link and/or Roadget, a response from SDC is not required. To the extent a response is required, SDC denies the allegations contained in Paragraph 24 of the FAC.

25.    Upon information and belief, Tianhai alleges that Defendants Does 1-10 (the "Does") are unknown persons, firms, entities, or corporations that, directly or indirectly, jointly or severally, willfully undertook, performed, participated in, or engaged in various illegal, unauthorized, and wrongful actions as set forth herein on behalf of or in conspiracy with Zoetop, SHEIN, FMMG, Roadget, and/or Style Link against Tianhai and/or the public, should be enjoined from engaging in such actions, and are liable to Tianhai for damages. The Does' true identities, locations, and residences are currently unknown to Tianhai because, in perpetrating their illegal, unauthorized, and wrongful acts, the Does have intentionally hidden their identities to evade detection.

**ANSWER:**

These allegations are directed to Does 1-10. A response from SDC is not required. To the extent a response is required, SDC denies that it engaged in a conspiracy with any entity to undertake, perform, participate in, or engage in illegal, unauthorized, and wrongful actions. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the FAC and, therefore, denies them.

**JURISDICTION AND VENUE**

26.    This is a civil action for injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

**ANSWER:**

SDC admits that Plaintiffs have purported to allege claims for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, but denies that those claims have merit.

27.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

SDC admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), but denies that this action has merit.

28.    This Court has personal jurisdiction over Defendants SHEIN, FMMG, and Does because Defendants SHEIN and FMMG have principal places of business in this District (345 N. Baldwin Park Blvd., City of Industry, CA 91746), and Defendants SHEIN, FMMG, and Does conduct continuous and systematic business in California, including by maintaining places of business and renting a storage facility to sell and transport the infringing products complained of in and to the Central District of California.  The effect of SHEIN's, FMMG's, and Does actions arises in multiple districts, including the ports of Los Angeles and Long Beach in the Central District, and a substantial portion of the events giving rise to the claims herein occurred within this District.

**ANSWER:**

SDC does not contest that this Court has personal jurisdiction over SDC. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the FAC and, therefore, denies them.

29.    This Court has personal jurisdiction over Defendants Zoetop and Does because Defendants Zoetop and Does sold products complained of into the U.S. and/or solicited a significant amount of businesses from the U.S. under the trademark SHEIN, including within this District.

**ANSWER:**

These allegations are directed to Zoetop and Does. A response from SDC is not required. To the extent a response is required, SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC and, therefore, denies them.

30.    This Court has personal jurisdiction over Defendant Roadget because

Defendant Roadget operates websites and mobile applications to purposefully solicitate business from the U.S., including within this District, and offers, sells, imports, and transports a substantial amount of products, including the infringing products complained of, to the U.S., including in and through this District.

**ANSWER:**

These allegations are directed to Roadget. A response from SDC is not required. To the extent a response is required, and to the extent the allegations in Paragraph 30 of the FAC are understood, to the best of SDC's knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, SDC denies the allegations contained in this Paragraph.

31.     This Court has personal jurisdiction over Defendant Style Link because Defendant Style Link has a principal place of business in this District, and imports or transports products, including the infringing products complained of to the U.S., including in and through this District, for Defendants Roadget and SHEIN.

**ANSWER:**

These allegations are directed to Style Link. A response from SDC is not required. To the extent a response is required, and without prejudice to the right and ability of any other defendant to respond, SDC denies the allegations contained in Paragraph 31 of the FAC.

32.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(a), including because the acts of infringement complained of occurred in this District; Defendants are domiciled in this District; Defendants' officers and agents can be found in this District; Defendants' unlawful actions were directed from or through computers in this District; and Tianhai has been harmed by Defendants' conduct in this District.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 32 of the FAC contains allegations directed to SDC, and to the

extent such allegations are understood, SDC denies that Plaintiffs have conclusively established that venue is proper in this District, but for purposes of this action only, SDC does not contest venue as to SDC. SDC denies the remaining allegations contained in this Paragraph.

33.    Tianhai was previously forced to sue Defendants Zoetop and SHEIN in this Court for infringement of certain Tianhai copyrighted laces and unfair competition, and those Defendants submitted to the jurisdiction and venue of this Court in that action.  The parties later entered into a September 27, 2021 Settlement Agreement regarding Defendants' infringement of those Tianhai copyrighted laces.  As set forth below, the above Defendants and their related entities (Defendants FMMG, Roadget, and Style Link) are now engaged in another knowing, willful and pervasive scheme of infringement of additional Tianhai copyrighted laces for which Tianhai is entitled to the relief requested below.

**ANSWER:**

SDC admits that Plaintiffs previously sued SDC and Zoetop in this Court asserting copyright infringement and unfair competition claims in connection with certain lace designs. In addition, SDC admits that the parties entered into a September 27, 2021 Settlement Agreement to dispose of the prior lawsuit. SDC denies the remaining allegations of Paragraph 33 of the FAC.

## TIANHAI AND ITS LACE DESIGNS

34.    Since 1988, Tianhai has developed and sold original lace designs, which constitute copyrightable subject matter under 17 U.S.C. § 101 *et seq.* Tianhai owns valid and subsisting U.S. Copyright Office Registrations for its lace designs, including Registration Nos. VA 2-292-705, VA 2-292-703, VA 1-847-129, VA 1-899-335, VA 1-962-454, VA 1-919-834, VA 2-094-233, VA 1-829-368, VA 1-977-168, VA 1-791-176, VA 2-001-929, VA 2-006-175, VA 1-967-086, VA 1-791-259, VA 2-292-697, VA 1-886-767, VA 1-967-083, VA 1-971-360, VA 1-817-862, VA 2-292-701, VA 1-977-161, VA 2-080-794, VA 1-977-358, VA 1-975-235, VA 1-746-489, VA 1-974-881, VA 1-719-661, VA 2-039-301, VA 1-962-508, and VA 1-921-664 (the "U.S. Registered Copyrights").

True and correct copies of Tianhai registrations of the U.S. Registered Copyrights are attached as **Exhibit I**.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC and, therefore, denies them.

35.    Tianhai's copyright registrations for its lace designs predate Defendants' infringement.

**ANSWER:**

SDC denies the allegations contained in Paragraph 35 of the FAC.

36.    Tianhai's lace designs are also registered with the National Institute of Industrial Property of France.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the FAC and, therefore, denies them.

## FACTUAL ALLEGATIONS

37.    For more than thirty (30) years, Tianhai has designed, manufactured, and sold decorative laces.  Since their creation in 1988, Tianhai's lace designs have enjoyed tremendous commercial success in the fashion industry.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the FAC and, therefore, denies them.

38.    Today, Tianhai owns 22,500 lace designs, releases thousands of new lace designs annually, and sells laces in 30 countries.  It has been recognized as one of the best lace designers in the world.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the FAC and, therefore, denies them.

39.    In 2022, Tianhai was awarded the Interfilière Connect by Interfilière New

York. *See* https://en.the-lingerie-place.com/brand/tianhai-lace/.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the FAC and, therefore, denies them.

40.    In the same year, Tianhai was awarded the Young Label Awards by Interfilière Shanghai. *Id.*

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the FAC and, therefore, denies them.

41.    In July 2022, Curve Los Angeles announced that Tianhai had been chosen for its New York show between July 31 and August 2, 2022 for its new lace designs. *Id.*

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the FAC and, therefore, denies them.

42.    In 2017, Tianhai was awarded a Femmy Award by the Under Fashion Club as one of the leading fashion sustainability contributors in the United States.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the FAC and, therefore, denies them.

43.    The Knitting Industry has awarded Tianhai a Skin Friendly Declaration for its lace collection.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the FAC and, therefore, denies them.

44.    Tianhai's laces are trusted by knowledgeable consumers not only because of their best-in-class quality, but also for the care and expertise that Tianhai has taken in designing the lace patterns and supplying the laces for many well-known fashion brands, including Versace, Victoria's Secret, Zara, H&M, BCBG, Wacoal, and Marks & Spencer.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the FAC and, therefore, denies them.

## DEFENDANTS AND THEIR WRONGFUL ACTS

45.    Defendant Roadget operates and Defendant SHEIN uses the websites at www.shein.com and www.us.shein.com, accounts on e-commerce platforms including www.amazon.com, and mobile applications on Google Play and App Store to advertise, promote, and sell apparel, accessories, pet products, stationary, electronics, and home decorations.

**ANSWER:**

To the extent these allegations are directed to Roadget, a response from SDC is not required. To the extent a response is required, SDC admits that, beginning August 1, 2021, it has licensed the us.shein.com website to advertise, promote, and sell apparel, accessories, pet products, stationary, electronics, and home decorations to consumers in the United States. SDC also admits that it has advertised, promoted, and sold such products on the mobile application "SHEIN-Fashion Shipping Online" on Google Play and the mobile application "SHEIN-Online Fashion" on App Store. To the extent the remaining allegations contained in Paragraph 45 of the FAC are understood, SDC denies such allegations.

46.    Defendant Zoetop sells and/or sold apparel and accessories in U.S. commerce under the mark SHEIN, which incorporates and/or incorporated Tianhai's copyrighted laces.

**ANSWER:**

These allegations are directed to Zoetop. A response from SDC is not required. To the extent a response is required, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Zoetop sold apparel and accessories in the U.S. under the mark SHEIN through July 31, 2021. SDC denies the remaining allegations of Paragraph 46 of the FAC.

47.    Upon information and belief, Defendants Zoetop, SHEIN, FMMG, Roadget,

Style Link, and Does syndicate paid content through www.google.com and GMAIL®, and advertise, market, and promote that content through social media accounts on YouTube®, Twitter®, Facebook®, Instagram®, Pinterest®, Snap Chat®, and TikTok®.  True and correct copies of screenshots of Defendants' social media accounts are attached as **Exhibit J**.

**ANSWER:**

To the extent these allegations are directed to Zoetop, FMMG, Roadget, Style Link, and/or Does, a response from SDC is not required. To the extent a response is required, SDC admits that it promotes products sold on us.shein.com through social media accounts, but denies the remaining allegations of Paragraph 47 of the FAC.

48.    Defendants have made available a category of apparel products identified as "Lace" on their website.  True and correct copies of screenshots of Defendants' webpages of "Lace" are attached as **Exhibit K**.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 48 of the FAC contains allegations directed to SDC, SDC admits that a category of apparel products identified as "Lace" appears on the us.shein.com website and that Exhibit K purports on its face to be a document containing copies of screenshots of the website, which document speaks for itself. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies them.

49.    Tianhai recently discovered that Defendants have systematically and without authorization reproduced, displayed, distributed, created derivative works of, and otherwise infringed Tianhai's lace designs and offered for sale and sold those infringing copies to third parties.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a

collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 49 of the FAC contains allegations directed to SDC, SDC denies such allegations.

50.     Defendants had, and continue to have, access to Tianhai's lace designs because, among other things, images of the Tianhai lace designs are available on Tianhai's website and in its catalogs, through Defendants' prior business communications with Plaintiffs, and because Tianhai's laces are used by numerous clothing manufacturers that sell finished products to the public.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 50 of the FAC contains allegations directed to SDC, and to the extent such allegations are understood, SDC denies such allegations.

51.     Defendants' products are virtually identical to, or at least substantially similar to, Tianhai's copyrighted lace designs, as shown in the chart below:

True and accurate photos of the pirated products received are attached as **Exhibit L**.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 51 of the FAC contains allegations directed to SDC, SDC denies such allegations.

52.     As shown above, between February 2022 and August 2022, Tianhai's investigators placed multiple orders for fifty-two (52) products from www.shein.com and from Defendants' SHEIN-branded mobile applications (collectively, the "New Infringement Activities"). Each of these products consisted of or featured exact or nearly identical copies of Tianhai's lace designs. None of the laces were genuine Tianhai products.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 52 of the FAC and, therefore, denies them.

53.    Tianhai's test purchases from www.shein.com and the SHEIN-branded mobile applications of clothing products that contained the infringing lace designs were shipped from Defendant FMMG's business address and/or labeled with Defendant Roadget as the shipper.

**ANSWER:**

To the extent these allegations are directed to FMMG and/or Roadget, a response from SDC is not required. To the extent a response is required, SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the FAC and, therefore, denies them.

54.    Previously on June 29, 2021, Tianhai filed Case No. 2:21-cv-05295 with this Court against Defendants Zoetop and SHEIN for Defendants' unauthorized use of nineteen (19) Tianhai copyrighted lace designs on twenty-six (26) products.

**ANSWER:**

SDC admits that Plaintiffs sued SDC and Zoetop on June 29, 2021 in this Court in Case No. 2:21-cv-05295, in which Plaintiffs asserted certain purportedly copyrighted lace designs. SDC denies the remaining allegations of Paragraph 54 of the FAC.

55.    Following settlement, on October 11, 2021, the Parties stipulated to dismiss Case No. 2:21-cv-05295 pursuant to F. R. Civ. P. 41 (a)(1)(A)(ii).

**ANSWER:**

SDC admits that the parties to Case No. 2:21-cv-05295 stipulated to dismiss the case pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii) on or around October 11, 2021, after they entered into a settlement agreement. SDC denies the remaining allegations of Paragraph 55 of the FAC.

56.    In February 2022, less than half a year after the dismissal, Tianhai discovered new products offered for sale or sold by Defendants through their website at www.shein.com and mobile applications that infringed Tianhai's copyrights.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 56 of the FAC contains allegations directed to SDC, SDC denies such allegations.

57.    Tianhai immediately notified Defendants in writing, demanding that Defendants immediately cease its New Infringement Activities.  A true and accurate copy of the email notice and its English translation is attached as **Exhibit M**.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 57 of the FAC contains allegations directed to SDC, SDC admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, an email was sent from "Tianhai Copyright" on February 21, 2022, and that Exhibit M purports on its face to be a document containing a copy of the email in Chinese and a corresponding translation in English, which documents speak for themselves. SDC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies them.

58.    Notably, all of Defendants' New Infringement Activities relate to *new* products that infringed Tianhai's *other* lace designs *not* identified in Case No. 2:21-cv-05295.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 58 of the FAC contains allegations directed to SDC, SDC denies such allegations.

59.    Despite Tianhai's multiple attempts to resolve the matter over a period of multiple months, Defendants never responded.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 59 of the FAC contains allegations directed to SDC, SDC denies such allegations.

60.    From February to August 2022, Tianhai continued to discover that Defendants were continuing their New Infringing Activities.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 60 of the FAC contains allegations directed to SDC, SDC denies such allegations.

61.    Defendants continued selling clothes bearing unauthorized copies of Tianhai's laces that were identified above in this complaint.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 61 of the FAC contains allegations directed to SDC, SDC denies such allegations.

62.    Tianhai's investigations of these products sold by Defendants again established that none of the laces used by Defendants are genuine Tianhai laces.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 62 of the FAC contains allegations directed to SDC, SDC denies such allegations.

63.    As of today, Defendants have not taken any action to resolve or address the New Infringement Activities with Tianhai, or to respond to Tianhai in any way.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 63 of the FAC contains allegations directed to SDC, SDC denies such allegations.

64.    Defendants' infringement has at all times been knowing, intentional and willful.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 64 of the FAC contains allegations directed to SDC, SDC denies such allegations.

65.    Defendants have attempted to hide their continuing piracy of Tianhai's lace designs by constantly changing URLs on which their infringing products are sold, by using different street addresses, and by incorporating different entities (including the new entity Roadget that is incorporated in Singapore but operating in China as shown on its product shipping labels).  In short, Defendants have been using a recurring "whack-a-mole" game strategy to avoid Tianhai's enforcement efforts.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 65 of the FAC contains allegations directed to SDC, SDC denies such allegations.

66.    Upon information and belief, all of the Defendants are part of the same ongoing piracy scheme as evidenced by the fact that they share employees, agents, officers and other representatives who actively participate in or exercise control over the New Infringement Activities.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a

collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 66 of the FAC contains allegations directed to SDC, SDC denies such allegations.

## **INJURY TO TIANHAI**

67.    Defendants' willful and pervasive infringement of Tianhai's lace designs, protected by the U.S. Registered Copyrights, has caused Tianhai to lose sales because Defendants did not purchase genuine Tianhai lace for use in their products.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent SDC is required to respond to the legal conclusions in Paragraph 67 of the FAC, SDC denies that Plaintiffs are entitled to any relief whatsoever. SDC also denies any remaining allegations contained in this Paragraph.

68.    Defendants' willful and pervasive infringement of Tianhai's lace designs, protected by the U.S. Registered Copyrights, has caused Tianhai to lose licensing income because Defendants are not authorized licensees, and paid no royalties or licensing fees for the right to reproduce Tianhai's copyrighted designs.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent SDC is required to respond to the legal conclusions in Paragraph 68 of the FAC, SDC denies that Plaintiffs are entitled to any relief whatsoever. SDC also denies any remaining allegations contained in this Paragraph.

69.    Defendants' infringement of Tianhai's lace designs has damaged and irreparably injured Tianhai and, if permitted to continue, will further damage and irreparably injure Tianhai.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a

collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent SDC is required to respond to the legal conclusions in Paragraph 69 of the FAC, SDC denies that Plaintiffs are entitled to any relief whatsoever. SDC also denies any remaining allegations contained in this Paragraph.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement Under The Copyright Act

## 17 U.S.C. § 101 *et seq.*

70.    Tianhai hereby re-alleges and incorporates by reference each of the foregoing paragraphs and other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

**ANSWER:**

To the extent Paragraph 70 of the FAC requires a response, SDC repeats and incorporates by reference its answers to all of the foregoing Paragraphs in the FAC as if fully set forth herein.

71.    At all relevant times, Tianhai has been the holder of the exclusive rights in its lace designs, which are subject to copyright protection in the United States, as evidenced by the U.S. Copyright Registrations.

**ANSWER:**

SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the FAC and, therefore, denies them.

72.    At all relevant times, Defendants had access to Tianhai's lace designs.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 72 of the FAC contains allegations directed to SDC, SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies them.

73.    Defendants, without authorization, reproduced, distributed, displayed, created

derivative works of, and otherwise infringed Tianhai's lace designs as described herein in willful violation of Tianhai's rights under the Copyright Act.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent Paragraph 73 of the FAC contains allegations directed to SDC, SDC denies such allegations.

74. At all relevant times, Tianhai's actions have been willful and undertaken with full knowledge of, and/or reckless disregard for, Tianhai's rights.

**ANSWER:**

To the extent Paragraph 74 of the FAC contains any allegations against SDC or any other defendant, and to the extent such allegations are understood, SDC lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies them.

75. Tianhai has suffered actual monetary damages and incurred significant costs as a direct and proximate result of Defendants' direct and willful infringement of Tianhai's copyrights.

**ANSWER:**

SDC denies it is appropriate to refer to any defendants named in the FAC in a collective manner, as doing so fails to provide SDC with fair notice of the allegations against it. To the extent SDC is required to respond to the legal conclusions in Paragraph 75 of the FAC, SDC denies that Plaintiffs are entitled to any relief whatsoever. SDC also denies any remaining allegations contained in this Paragraph.

## **PRAYER FOR RELIEF**

WHEREFORE, Tianhai requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.    A judgment declaring that Defendants' unauthorized reproduction, distribution, display, or creation of derivative works of Tianhai's lace designs constitutes copyright infringement, as detailed above;

B.    An award of statutory damages to Tianhai under 17 U.S.C. § 504(c) for willful copyright infringement or, at Tianhai's election, under 17 U.S.C. § 504(b), an award of actual damages to Tianhai, Defendants' profits from infringement, and prejudgment and post-judgment interest, in an amount to be determined at trial;

C.    An award to Tianhai of attorneys' fees and costs under 17 U.S.C. § 505.

D.    An injunction enjoining Defendants and their subsidiaries, affiliates, related companies, their officers, agents, employees, and all persons acting in concert with them from any and all sale, reproduction, distribution, display, or creation of derivative works substantially similar to any Tianhai lace design;

E.    Pursuant to 17 U.S.C. § 503, an order for the impoundment and destruction of all infringing products and materials, including but not limited to accessories, laces, fabrics, textile products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any design or pattern identical or substantially similar to Tianhai's copyright lace designs;

F.    A judgment that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession, custody or control that rightfully belong to Tianhai;

G.    A judgment directing Defendants to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Tianhai's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

H.    Any further relief, as permitted by law and as the Court may deem just and appropriate.

**ANSWER:**

To the extent SDC is required to respond to the Prayer For Relief, SDC denies that Plaintiffs are entitled to the relief sought in Paragraphs A through H or are otherwise entitled to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Fed. R. Civ. P. 8(c), SDC asserts the following affirmative and other defenses in response to the allegations in the FAC, undertaking to prove only those defenses on which it bears the burden of proof under applicable law. SDC expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

Plaintiffs' FAC, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against SDC.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

Plaintiffs' claims are barred, in whole or in part, because SDC's copying, if any, of any element of the works in which Plaintiffs allege a copyright interest, did not involve the use of any elements of the works protected by copyright.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Requisite Originality and/or Creativity)**

Plaintiffs' claims are barred, in whole or in part, because SDC's copying, if any, of any element of the works in which Plaintiffs allege a copyright interest, did not involve the use of any elements of the works sufficiently original to warrant copyright protection.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Plaintiffs' remedies are barred in whole or in part because SDC has not willfully infringed any intellectual property or other rights owned by Plaintiffs and because SDC has acted in good faith and without any intention of injuring Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalidity of Plaintiffs' Works)

Plaintiffs' copyrights in some or all of the works at issue are invalid.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join indispensable parties to the action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to assert their claims.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Acquiescence)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

## TENTH AFFIRMATIVE DEFENSE

### (No Mitigation of Damages)

Plaintiffs' claims are barred, in whole or part, because they have failed to mitigate any alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Scenes a Faire* and Merger)

Plaintiffs' claims are barred, in whole or in part, under the *scenes a faire* and merger doctrines.

### TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Conduct)

Damages or injuries, if any, suffered by Plaintiffs are attributable to Plaintiffs' own conduct, deeds, words, acts and/or omissions, and not to any conduct, deeds, acts, words, or omissions of SDC.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Damages or injuries, if any, suffered by Plaintiffs are attributable to the conduct, deeds, words, acts and/or omissions of third parties, and not to any conduct, deeds, acts, words, or omissions of SDC.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Defective Copyright Registrations)

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations upon which Plaintiffs' claims are purportedly based are invalid and/or do not apply to the works at issue in this case.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Ownership)

Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot establish that they own all right, title and interest in and to the works that are allegedly subject to copyright protection.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiffs are not entitled to injunctive relief, because, without limitation, any alleged injury to Plaintiffs is theoretical, not immediate or irreparable, and because Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs have suffered no damages as a result of any of SDC's alleged actions or inactions. Moreover, Plaintiffs are not entitled to any damages because the alleged damages, if any, are speculative.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

Plaintiffs' claims for statutory damages under 17 U.S.C. §§ 504(c) are barred, in whole or in part, because SDC could not be aware or have believed that its acts constituted infringement of a valid copyright.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Statutory Damages Limited)

Plaintiffs' statutory damages, if existent or permitted, are limited by, *inter alia*, the Due Process Clause of the United States Constitution, the applicable law of the Ninth Circuit and the Central District of California, and/or to the extent they do not bear a reasonable relationship to actual damages.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

Plaintiffs' FAC fails to state facts sufficient to state a claim for costs and attorneys' fees against SDC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Copyright Misuse)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (License)

Plaintiffs' claims are barred, in whole or in part, because SDC had or has a lawful, express or implied license, granted or authorized by or on behalf of Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

Plaintiffs' claims are barred, in whole or in part, by the first sale doctrine under 17 U.S.C. § 109.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

Plaintiffs' claims are barred, in whole or in part, to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes *de minimis* use.

## PRAYER FOR RELIEF

**WHEREFORE**, SDC prays for judgment as follows:

1.    That the Court find against Plaintiffs and for SDC on each count in Plaintiffs' FAC;

2.    That the Court find against Plaintiffs and for SDC on SDC's Affirmative Defenses;

3.    That the Court deny Plaintiffs any and all of their requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;

4.    That SDC be awarded its attorneys' fees and costs as permitted by law; and

5.    That SDC be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

SDC requests a trial by jury of all issues triable by jury.


Dated: January 11, 2023           GREENBERG TRAURIG, LLP


By:   /s/ Nina D. Boyajian
      Nina D. Boyajian
      *Attorney for Defendant Shein Distribution Corporation*