GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
Julianna M. Simon (SBN 307664)
Julianna.Simon@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

[Additional attorneys are listed on next page]

*Attorneys for Defendant Roadget Business Pte., Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIANHAI LACE CO. LTD., TIANHAI LACE (GUANGDONG) LTD. and TIANHAI LACE USA INC., | Case No.:  2:22-cv-06106-JLS-MRW |
| Plaintiffs, | **DEFENDANT ROADGET BUSINESS PTE., LTD.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| ZOETOP BUSINESS CO. LIMITED d/b/a SHEIN; SHEIN DISTRIBUTION CORPORATION; FASHION MARKETING AND MERCHANDISING GROUP, INC.; ROADGET BUSINESS PTE., LTD.; STYLE LINK LOGISTICS, LLC; and DOES 1-10, | **JURY TRIAL DEMANDED** |
| | Judge: Hon. Josephine L. Staton |
| Defendants. | Action Filed: August 26, 2022 |

GREENBERG TRAURIG, LLP
Andrew F. Halaby (CA SBN 282519)
HalabyA@gtlaw.com
2375 E. Camelback Road, Suite 700
Phoenix, AZ 85016-9000
Tel: 602-445-8373

GREENBERG TRAURIG, LLP
Justin A. MacLean (*Admitted Pro Hac Vice*)
Justin.MacLean@gtlaw.com
One Vanderbilt Avenue
New York, NY 10017
Tel: 212-801-9200; Fax: 212-801-6400

Defendant Roadget Business Pte., Ltd. ("Roadget") by and through its counsel, hereby responds to the Second Amended Complaint filed by Plaintiffs Tianhai Lace Co. Ltd., Tianhai Lace (Guangdong) Ltd. and Tianhai Lace USA Inc.'s (collectively, "Plaintiffs" or "Tianhai") (ECF 65, the "SAC") as follows:

## NATURE OF THE ACTION

1.    This is a civil action for copyright infringement under federal law.

**ANSWER:**

Roadget admits that Plaintiffs have purported to allege claims for copyright infringement against Roadget, but denies that those claims have merit.

2.    Tianhai brings this action seeking injunctive relief, lost profits, actual damages (or statutory damages), and attorneys' fees and costs arising out of Defendants' willful infringement of Tianhai's exclusive rights in lace designs.

**ANSWER:**

Roadget admits that Plaintiffs have purported to allege claims for copyright infringement against Roadget, but denies that those claims have merit.

## PLAINTIFFS

3.    Plaintiff Tianhai Lace Co., Ltd. is a limited company of China with a principal address at Room 1120, No. 9 Linhe West Road, Tianhe District, Guangzhou City, Guangdong Province, China.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the SAC and, therefore, denies them.

4.    Plaintiff Tianhai Lace (Guangdong) Ltd. is a limited company of China with a principal address at No. 213 Lianuang Road, Economy and Technology Development District, Guangzhou City, Guangdong Province, China.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the SAC and, therefore, denies them.

5.    Plaintiff Tianhai Lace USA Inc. is a corporation of New York with a principal address at 152 Madison Avenue, Room 1103, New York, NY 10016.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the SAC and, therefore, denies them.

## DEFENDANTS

6.    Defendant Zoetop Business Co. Limited d/b/a SHEIN ("Zoetop") is a limited company of Hong Kong having places of business at least at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong, and Datang Town Sanshui Industrial Park, Fo Shan, Guangdong 528100, China.

**ANSWER:**

These allegations are directed to Zoetop Business Co., Ltd. ("Zoetop"). A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Zoetop is a Hong Kong limited company. Roadget denies the remaining allegations of Paragraph 6 of the SAC.

7.    Defendant SHEIN Distribution Corporation ("SHEIN") is a Delaware corporation having its principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

**ANSWER:**

These allegations are directed to SHEIN Distribution Corporation ("SDC"). A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, SDC is a Delaware Corporation but denies that SDC has its principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

8.    Defendant Fashion Marketing and Merchandising Group, Inc. ("FMMG"), formerly incorporated as SHEIN Fashion Group, Inc., is a California corporation having its

principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

**ANSWER:**

These allegations are directed to Fashion Marketing and Merchandising Group, Inc. ("FMMG"). A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, FMMG was a California corporation that was previously named Shein Fashion Group, Inc., and that had a principal place of business at 345 N. Baldwin Park Blvd., City of Industry, CA 91746. Roadget denies the remaining allegations of Paragraph 8 of the SAC.

9.    Defendant Roadget Business Pte. Ltd. ("Roadget") is a company of Singapore with an incorporation address at 112 ROBINSON ROAD, #03-01, ROBINSON 112, Singapore 068902. Upon information and belief, Luo Ying is a registered officer of Roadget and an agent, employee or other representative of SHEIN.

**ANSWER:**

Roadget admits that it is a Singapore company and that it maintains an office in Singapore. To the extent the remaining allegations contained in Paragraph 9 of the SAC are understood, Roadget denies such allegations.

10.    Defendant Style Link Logistics, LLC ("Style Link") is a limited liability company of Indiana, which is registered to do business in California with the address of 345 N. Baldwin Park Blvd., City of Industry, CA 91746.

**ANSWER:**

These allegations are directed to Style Link Logistics, LLC ("Style Link"). A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Style Link is an Indiana limited liability company. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the SAC and, therefore, denies them.

11.    Upon information and belief, Tianhai alleges that Defendants Does 1-10 (the "Does") are unknown persons, firms, entities, or corporations that, directly or indirectly, jointly or severally, willfully undertook, performed, participated in, or engaged in various illegal, unauthorized, and wrongful actions as set forth herein on behalf of or in conspiracy with Zoetop, SHEIN, FMMG, Roadget, and/or Style Link against Tianhai and/or the public, should be enjoined from engaging in such actions, and are liable to Tianhai for damages. The Does' true identities, locations, and residences are currently unknown to Tianhai because, in perpetrating their illegal, unauthorized, and wrongful acts, the Does have intentionally hidden their identities to evade detection.

**ANSWER:**

These allegations are directed to Does 1-10. A response from Roadget is not required. To the extent Paragraph 11 contains allegations directed to Roadget, Roadget denies that it engaged in a conspiracy with any entity to undertake, perform, participate in, or engage in illegal, unauthorized, and wrongful actions. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the SAC and, therefore, denies them.

## JURISDICTION AND VENUE

12.    This is a civil action for injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

**ANSWER:**

Roadget admits that Plaintiffs have purported to allege claims for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, but denies that those claims have merit.

13.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

Roadget admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), but denies that this action has merit.

14.     This Court has personal jurisdiction over Defendants SHEIN, FMMG, and Does because Defendants SHEIN and FMMG have principal places of business in this District (345 N. Baldwin Park Blvd., City of Industry, CA 91746), and Defendants SHEIN, FMMG, and Does conduct continuous and systematic business in California, including by maintaining places of business and renting a storage facility to sell and transport the infringing products complained of in and to the Central District of California. The effect of SHEIN's, FMMG's, and Does actions arises in multiple districts, including the ports of Los Angeles and Long Beach in the Central District, and a substantial portion of the events giving rise to the claims herein occurred within this District.

**ANSWER:**

These allegations are directed to SDC, FMMG, and Does. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 14 of the SAC.

15.     This Court has personal jurisdiction over Defendants Zoetop and Does because Defendants Zoetop and Does sold products complained of into the U.S. and/or solicited a significant amount of businesses from the U.S. under the trademark SHEIN, including within this District.

**ANSWER:**

These allegations are directed to Zoetop and Does. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 15 of the SAC.

16.     This Court has personal jurisdiction over Defendant Roadget because Defendant Roadget operates websites and mobile applications to purposefully solicit business from the U.S., including within this District, and offers, sells, imports, and transports a substantial amount of products, including the infringing products complained of, to the U.S., including in and through this District.

**ANSWER:**

To the extent the allegations contained in Paragraph 16 of the SAC are understood,

Roadget denies such allegations.

17.    This Court has personal jurisdiction over Defendant Style Link because Defendant Style Link has a principal place of business in this District, and imports or transports products, including the infringing products complained of to the U.S., including in and through this District, for Defendants Roadget and SHEIN.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent Paragraph 17 contains allegations directed to Roadget, and without prejudice to the right and ability of any other defendant to respond, Roadget denies the allegations contained in Paragraph 17 of the SAC.

18.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(a), including because the acts of infringement complained of occurred in this District; Defendants are domiciled in this District; Defendants' officers and agents can be found in this District; Defendants' unlawful actions were directed from or through computers in this District; and Tianhai has been harmed by Defendants' conduct in this District.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 18 of the SAC contains allegations directed to Roadget, and to the extent such allegations are understood, Roadget denies that Plaintiffs have conclusively established that venue is proper in this District, but for purposes of this action only, Roadget does not contest venue as to Roadget under 28 U.S.C. § 1391. Roadget denies the remaining allegations contained in this Paragraph.

19.    Tianhai was previously forced to sue Defendants Zoetop and SHEIN in this Court for infringement of certain Tianhai copyrighted laces and unfair competition, and those Defendants submitted to the jurisdiction and venue of this Court in that action. The parties later entered into a September 27, 2021 Settlement Agreement regarding Defendants' infringement of those Tianhai copyrighted laces. As set forth below, the above

Defendants and their related entities (Defendants FMMG, Roadget, and Style Link) are now engaged in another knowing, willful and pervasive copyright infringement scheme of additional Tianhai copyrighted laces for which Tianhai is entitled to the relief requested below.

**ANSWER:**

To the extent these allegations are directed to Zoetop, Style Link, FMMG and/or SDC, a response from Roadget is not required. To the extent Paragraph 19 contains allegations directed to Roadget, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Plaintiffs previously sued Zoetop and SDC in this Court asserting copyright infringement and unfair competition claims in connection with certain lace designs and that the parties entered into a Settlement Agreement dated September 27, 2021 to dispose of the prior lawsuit. Roadget denies the remaining allegations of Paragraph 19 of the SAC.

<u>**TIANHAI AND ITS LACE DESIGNS**</u>

20.    Since 1988, Tianhai has developed and sold original lace designs, which constitute copyrightable subject matter under 17 U.S.C. § 101 *et seq*.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the SAC and, therefore, denies them.

21.    Tianhai owns valid and subsisting U.S. Copyright Office Registrations for its lace designs, including Registration Nos. VA 2-292-705, VA 2-292-703, VA 1-847-129, VA 1-899-335, VA 1-962-454, VA 1-919-834, VA 2-094-233, VA 1-829-368,  VA 1-977-168, VA 1-791-176, VA 2-001-929, VA 2-006-175, VA 1-967-086, VA 1-791-259, VA 2-292-697, VA 1-886-767, VA 1-967-083, VA 1-971-360, VA 1-817-862, VA 2-292-701, VA 1-977-161, VA 2-080-794, VA 1-977-358, VA 1-975-235, VA 1-746-489, VA 1-974-881, VA 1-719-661, VA 2-039-301, VA 1-962-508, and VA 1-921-664 (the "U.S. Registered Copyrights"). True and correct copies of Tianhai registrations of the U.S. Registered Copyrights are attached as **Exhibit I**.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the SAC and, therefore, denies them.

22.    Tianhai's copyright registrations for its lace designs predate Defendants' infringement.

**ANSWER:**

Roadget denies the allegations contained in Paragraph 22 of the SAC.

23.    Tianhai's lace designs are also registered with the National Institute of Industrial Property of France.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the SAC and, therefore, denies them.

24.    For more than thirty (30) years, Tianhai has designed, manufactured, and sold decorative laces. Since their creation in 1988, Tianhai's lace designs have enjoyed tremendous commercial success in the fashion industry.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the SAC and, therefore, denies them.

25.    Today, Tianhai owns 22,500 lace designs, releases thousands of new lace designs annually, and sells laces in 30 countries. It has been recognized as one of the best lace designers in the world.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the SAC and, therefore, denies them.

26.    In 2022, Tianhai was awarded the Interfilière Connect by Interfilière New York. *See* https://en.the-lingerie-place.com/brand/tianhai-lace/.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of

the allegations contained in Paragraph 26 of the SAC and, therefore, denies them.

27.    In the same year, Tianhai was awarded the Young Label Awards by Interfilière Shanghai.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the SAC and, therefore, denies them.

28.    In July 2022, Curve Los Angeles announced that Tianhai had been chosen for its New York show between July 31 and August 2, 2022 for its new lace designs.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the SAC and, therefore, denies them.

29.    In 2017, Tianhai was awarded a Femmy Award by the Under Fashion Club as one of the leading fashion sustainability contributors in the United States.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the SAC and, therefore, denies them.

30.    The Knitting Industry has awarded Tianhai a Skin Friendly Declaration for its lace collection.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the SAC and, therefore, denies them.

31.    Tianhai's laces are trusted by knowledgeable consumers not only because of their best-in-class quality, but also for the care and expertise that Tianhai has taken in designing the lace patterns and supplying the laces for many well-known fashion brands, including Versace, Victoria's Secret, Zara, H&M, BCBG, Wacoal, and Marks & Spencer.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the SAC and, therefore, denies them.

## **DEFENDANTS AND THEIR WRONGFUL ACTS**

32.    Tianhai recently discovered that Defendants have systematically and without authorization reproduced, displayed, distributed, created derivative works of, and otherwise infringed Tianhai's lace designs and offered for sale and sold those infringing copies to third parties.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 32 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

33.    The infringing products complained of in this action that were made available by all Defendants are virtually identical to, or at least substantially similar to, Tianhai's copyrighted lace designs, as shown in the chart below:

True and accurate photos of the pirated products received are attached as **Exhibit L**.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 33 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

34.    As shown above, between February 2022 and August 2022, Tianhai's investigators placed multiple orders for fifty-two (52) products from www.shein.com and from Defendants' SHEIN-branded mobile applications (collectively, the "New Infringement Activities"). Each of these products consisted of or featured exact or nearly identical copies of Tianhai's lace designs. None of the laces were genuine Tianhai products.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the SAC and, therefore, denies them.

35.    Tianhai's test purchases from www.shein.com and the SHEIN-branded mobile

applications of clothing products that contained the infringing lace designs were marketed with FMMG, imported by Roadget, forwarded to a storage facility rented by SHEIN in City of Industry, using the business address at 345 N. Baldwin Park Blvd., City of Industry, CA 91746 that is also used by Defendants SHEIN and FMMG with the State of California, and ultimately were packaged, processed, and shipped to the purchaser by Defendant Style Link.

**ANSWER:**

To the extent these allegations are directed to FMMG, Style Link, and/or SDC, a response from Roadget is not required. To the extent Paragraph 35 contains allegations directed to Roadget, Roadget denies that it imported any products into the United States. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the SAC and, therefore, denies them.

36.    Previously on June 29, 2021, Tianhai filed Case No. 2:21-cv-05295 with this Court against Defendants Zoetop and SHEIN for Defendants' unauthorized use of nineteen (19) Tianhai copyrighted lace designs on twenty-six (26) products.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent the allegations are directed at Roadget, Roadget admits, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, that Plaintiffs sued Zoetop and SDC on June 29, 2021 in this Court in Case No. 2:21-cv-05295, in which Plaintiffs asserted certain purportedly copyrighted lace designs. Roadget denies the remaining allegations of Paragraph 36 of the SAC.

37.    Following settlement, on October 11, 2021, the Parties stipulated to dismiss Case No. 2:21-cv-05295 pursuant to F. R. Civ. P. 41 (a)(1)(A)(ii).

**ANSWER:**

To the extent these allegations are directed to Zoetop and/or SDC, a response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability

of any other defendant to respond, the parties to Case No. 2:21-cv-05295 stipulated to dismiss the case pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii) on or around October 11, 2021, after they entered into a settlement agreement. Roadget denies the remaining allegations of Paragraph 37 of the SAC.

38.    In February 2022, less than half a year after the dismissal, Tianhai discovered new products offered for sale or sold by Defendants through their website at www.shein.com and mobile applications that infringed Tianhai's copyrights.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 38 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

39.    Tianhai immediately notified Defendants in writing, demanding that Defendants immediately cease its New Infringement Activities. A true and accurate copy of the email notice and its English translation is attached as **Exhibit M**.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 39 of the SAC contains allegations directed to Roadget, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, an email was sent from "Tianhai Copyright" on February 21, 2022, and that Exhibit M purports on its face to be a document containing a copy of the email in Chinese and a corresponding translation in English, which documents speak for themselves. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies them.

40.    Notably, all of Defendants' New Infringement Activities relate to *new* products that infringed Tianhai's *other* lace designs not identified in Case No. 2:21-cv-05295.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 40 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

41. Despite Tianhai's multiple attempts to resolve the matter over a period of multiple months, Defendants never responded.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 41 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

42. From February to August 2022, Tianhai continued to discover that Defendants were continuing their New Infringing Activities.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 42 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

43. Defendants continued marketing, advertising, and selling clothes bearing unauthorized copies of Tianhai's laces that were identified above in this complaint.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 43 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

44. Tianhai's investigations of these products sold by Defendants again established that none of the laces used by Defendants are genuine Tianhai laces.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 44 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

45.    As of today, Defendants have not taken any action to resolve or address the New Infringement Activities with Tianhai, or to respond to Tianhai in any way.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 45 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

46.    All of Defendants' infringement has at all times been knowing, intentional and willful.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 46 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

47.    Defendants have attempted to hide their continuing piracy of Tianhai's lace designs by constantly changing URLs on which their infringing products are sold, by using different street addresses, and by incorporating different entities (including the new entity Roadget that is incorporated in Singapore but operating in China as shown on its product shipping labels). In short, Defendants have been using a recurring "whack-a-mole" game strategy to avoid Tianhai's enforcement efforts.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations

against it. To the extent Paragraph 47 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

## DEFENDANTS AND THEIR COPYRIGHT INFRINGEMENT SCHEME

48.    Defendants Zoetop, SHEIN, FMMG, Roadget, and Style Link actively engaged in a continuous, knowing, willful, and pervasive scheme of infringement of Plaintiffs' copyrighted lace designs (the "Copyright Infringement Scheme").

**ANSWER:**

To the extent these allegations are directed to SDC, FMMG, Style Link, and/or Zoetop, a response from Roadget is not required. To the extent Paragraph 48 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 48 of the SAC.

49.    Defendant Zoetop registered SHEIN trademarks with the United States Patent and Trademark Office for the other Defendants to use.

**ANSWER:**

These allegations are directed to Zoetop. A response from Roadget is not required. To the extent a response is required, Roadget admits that Zoetop registered SHEIN trademarks with the United States Patent and Trademark Office. Roadget denies the remaining allegations contained in Paragraph 49 of the SAC.

50.    Under that license from Defendant Zoetop, Defendant SHEIN operated the website at www.shein.com, and Defendant Roadget operated the website www.us.shein.com and the SHEIN-branded mobile applications, from which Plaintiffs test purchased the infringing products containing Plaintiffs' copyrighted lace designs.

**ANSWER:**

To the extent these allegations are directed to SDC and/or Zoetop, a response from Roadget is not required. To the extent Paragraph 50 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 50 of the SAC.

51.    Defendant Roadget routinely imported and shipped these infringing products to Defendant Style Link.

**ANSWER:**

To the extent these allegations are directed to Style Link, a response from Roadget is not required. To the extent Paragraph 51 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 51 of the SAC.

52.    Upon information and belief, Defendant Style Link performed logistics, packaging, distributing and order fulfillment tasks with respect to the infringing products for Defendants SHEIN and Roadget.

**ANSWER:**

To the extent these allegations are directed to SDC and/or Style Link, a response from Roadget is not required. To the extent Paragraph 52 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 52 of the SAC.

53.    FMMG functioned as the business coordinator, maintaining a business address with the State of California and U.S. Customs, for importation of the infringing products through ports in this District. It also provided digital marketing and advertising services to Defendant SHEIN.

**ANSWER:**

These allegations are directed to FMMG and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 53 of the SAC.

54.    All Defendants had, and continue to have, access to Tianhai's lace designs because, among other things, images of the Tianhai lace designs are available on Tianhai's website and in its catalogs, through Defendants' prior business communications with Plaintiffs, and because Tianhai's laces are used by numerous clothing manufacturers that sell finished products to the public.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 54 of the SAC contains allegations directed to Roadget,

and to the extent such allegations are understood, Roadget denies such allegations.

## **DEFENDANT ZOETOP**

55.    As part of the Copyright Infringement Scheme, Defendant Zoetop licensed use of its registered trademarks to Defendants SHEIN and Roadget for use in the operation of the websites www.shein.com and www.us.shein.com, as well as the SHEIN-branded mobile applications, from which Plaintiffs test purchased the infringing products.

**ANSWER:**

To the extent these allegations are directed to Zoetop and/or SDC, a response from Roadget is not required. To the extent Paragraph 55 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 55 of the SAC.

56.    Specifically, Defendant Zoetop owned trademark applications and registrations for the mark SHEIN in connection with clothing, textiles, accessories, jewelry, bags, and online retail services with the United States Patent and Trademark Office, namely Registration Nos. 5256688, 5880290, 5840545, 5893348, 5893349, 5893350, 5909109, 6166048, 6166049, 6181709, 6224013, 6224084, and Application Serial Nos. 87857183, 87857188, 88107563, 88107571, 88809710, 88400811, under the same address at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong.

**ANSWER:**

These allegations are directed to Zoetop. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Zoetop owned trademark applications and registration for SHEIN-inclusive marks in connection with clothing, textiles, accessories, jewelry, bags, and online retail services, including Registration Nos. 5256688, 5880290, 5840545, 5893349, 5893350, 6166048, 6166049, 6181709, 6224013, 6224084, and Application Serial Nos. 87857183, 87857188, 88107563, 88107571, 88809710, 88400811. Roadget denies the remaining allegations of Paragraph 56 of the SAC.

57.    All the aforementioned applications and registrations, with the exception of

U.S. App. No. 88809710, have been assigned to Defendant Roadget.

**ANSWER:**

Roadget admits that the trademark applications and registrations set forth in Paragraph 56 have been assigned to Roadget with the exception of U.S. App. No. 88809710. Roadget denies the remaining allegations of Paragraph 57 of the SAC.

58.    Defendant Zoetop also sells and/or sold apparel and accessories in U.S. commerce under the mark SHEIN, which incorporates and/or incorporated Tianhai's copyrighted laces.

**ANSWER:**

These allegations are directed to Zoetop. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Zoetop sold apparel and accessories in the U.S. under the mark SHEIN through July 31, 2021. Roadget denies the remaining allegations of Paragraph 58 of the SAC.

59.    On October 5, 2022, Defendant SHEIN and Defendant Zoetop signed an Assurance of Discontinuance ("Assurance") with the State of New York related to Defendant Zoetop's improper handling of a data breach that compromised the personal information of its customers. **Exhibit S**.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit S purports on its face to be a document entitled "Assurance of Discontinuance" signed by Zoetop, SDC, and the Office of the Attorney General of the State of New York ("Assurance"), which document speaks for itself. Roadget denies the remaining allegations of Paragraph 59 of the SAC.

60.    The Assurance indicates that Defendant SHEIN and Zoetop were required to pay the State of New York $1.9 million in penalties and costs due to Zoetop's improper

handling of customer information. **Exhibit AH**.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit AH purports on its face to be a document entitled "Attorney General James Secures $1.9 Million from E-Commerce SHEIN and ROMWE Owner Zoetop for Failing to Protect Consumers' Data," which document speaks for itself. Roadget denies the remaining allegations of Paragraph 60 of the SAC.

61.    All communications related to the Assurance as to Defendants SHEIN and Zoetop are to be sent to Defendant SHEIN's General Counsel.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, the Assurance speaks for itself. Roadget denies the remaining allegations of Paragraph 61 of the SAC.

62.    The Assurance was signed by Valerie Ho, corporate secretary and general counsel of Defendant SHEIN.

**ANSWER:**

These allegations are directed to SDC and/or Zoetop. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, (i) the Assurance bears Valerie Ho's signature, and (ii) Valerie Ho is the corporate secretary and general counsel for SDC. Roadget denies the remaining allegations of Paragraph 62 of the SAC.

63.    The Assurance indicates that Defendant SHEIN is liable for the debts of Defendant Zoetop. **Exhibit AH**.

**ANSWER:**

These allegations are directed to SDC and/or Zoetop. A response from Roadget is not

required. To the extent a response is required, the Assurance speaks for itself. Roadget denies the remaining allegations of Paragraph 63 of the SAC.

64.    Upon information and belief, Defendant Zoetop shares the same corporate employees as Defendant SHEIN.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 64 of the SAC.

65.    Upon information and belief, Defendant Zoetop shares the identical equitable ownership as Defendant SHEIN and the other Defendants in this case.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent the allegations contained in Paragraph 65 of the SAC are understood, Roadget denies such allegations.

66.    Upon information and belief, Defendant Zoetop has commingled funds with Defendant SHEIN and other Defendants in this case.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 66 of the SAC.

67.    Upon information and belief, Defendant Zoetop has not observed corporate formalities to distinguish itself as an independent entity.

**ANSWER:**

These allegations are directed to Zoetop. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 67 of the SAC.

68.    If the acts of the Defendant SHEIN and the other Defendants are attributed to them alone and not also Zoetop, an inequitable result will follow.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 68 of the SAC contains allegations directed to Roadget and Roadget is required to respond to the legal conclusions in this Paragraph, Roadget denies such allegations.

### DEFENDANT SHEIN

69.    Defendant SHEIN participated in the Copyright Infringement Scheme as a manufacturer and distributor of infringing products featuring Tianhai's lace designs. Defendant SHEIN also functioned as the website operator that enabled the sale of infringing products featuring Tianhai's lace designs.

**ANSWER:**

These allegations are directed to SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 69 of the SAC.

70.    In particular, Defendant SHEIN uses the website at www.shein.com and "any mobile applications" to "sell products" to U.S. consumers, as well as to "collect payment and process" returns by U.S. consumers. These products include the infringing products that were test purchased by Plaintiffs' investigators. A true and correct copy of the SHEIN U.S. Terms and Conditions is attached as **Exhibit N**.

**ANSWER:**

These allegations are directed to SDC, and the images and content depicted in Exhibit N to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that Exhibit N purports on its face to be a copy of a document entitled "SHEIN U.S. Terms & Conditions," located at the us.shein.com website, dated November 30, 2022, which document speaks for itself. Roadget further admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, SDC sells products to U.S. consumers via the

website us.shein.com and associated mobile applications. Roadget denies the remaining allegations of Paragraph 70 of the SAC.

71.    Defendant SHEIN uses the websites at www.shein.com and www.us.shein.com, accounts on e-commerce platforms including www.amazon.com, and mobile applications on Google Play and App Store to advertise, promote, and sell apparel, accessories, pet products, stationary, electronics, and home decorations.

**ANSWER:**

These allegations are directed to SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, beginning August 1, 2021, SDC has used the website us.shein.com and associated mobile applications to advertise, promote, and sell apparel, accessories, pet products, stationary, electronics, and home decorations to consumers in the United States. Roadget also admits that SDC has advertised, promoted, and sold such products on the mobile application "SHEIN-Fashion Shipping Online" on Google Play and the mobile application "SHEIN-Online Fashion" on App Store. To the extent the remaining allegations contained in Paragraph 71 of the SAC are understood, Roadget denies such allegations.

72.    A true and correct copy of Customs database details through the ports of Los Angeles and Long Beach, California and a graphic chart outlining the relationships between Defendants Style Link, Roadget, and SHEIN from ImportGenius is attached as **Exhibit R**. Notably, **Exhibit R** shows that Defendant SHEIN participated in the shipment of a variety of garments that, upon information and belief, included infringing products featuring Tianhai's lace designs.

**ANSWER:**

To the extent these allegations are directed to Style Link and/or SDC, a response from Roadget is not required. To the extent Paragraph 72 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 72 of the SAC.

73.    Further, **Exhibit T** shows that Defendant SHEIN consigned numerous

shipments of garments that were shipped by Defendant Roadget. Upon information and belief, these shipments included infringing products featuring Tianhai's lace designs.

**ANSWER:**

To the extent these allegations are directed to SDC, a response from Roadget is not required. To the extent Paragraph 73 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 73 of the SAC.

74.    A search on the California Secretary of State website also confirms that George Chiao is the Chief Executive Officer of Defendant Shein Distribution Corporation, as demonstrated by Statement of Information, a true and correct copy of which is attached as **Exhibit D**. George Chiao has also been identified as U.S. President of Defendant SHEIN. **Exhibit AI**.

**ANSWER:**

These allegations are directed to SDC, and the images and content depicted in Exhibit D to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, George Chiao is SDC's Chief Executive Officer and President and that Exhibit D to the SAC purports on its face to be a copy of a document entitled "Statement of Information Corporation" bearing a date of July 29, 2022, which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the SAC and, therefore, denies them.

75.    George Chiao signed SHEIN's Statement and Designation by Foreign Corporation filed with the State of California on May 25, 2021, showing the same address of 345 N. Baldwin Park Blvd., City of Industry, CA 91746. In this filing, George Chiao represented that he is "a corporate officer and [is] authorized to sign on behalf of the foreign corporation" SHEIN, a true and correct copy of which is attached as **Exhibit E**.

**ANSWER:**

These allegations are directed to SDC, and the images and content depicted in Exhibit

E to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit E to the SAC purports on its face to be a copy of a document entitled "Statement and Designation by Foreign Corporation" bearing a date of May 25, 2021, which document speaks for itself, and that the document bears George Chiao's signature. Roadget denies the remaining allegations contained in Paragraph 75 of the SAC.

76.     As noted above, on October 5, 2022, Defendant SHEIN and Defendant Zoetop signed an Assurance with the State of New York related to the improper handling of a data breach that compromised the personal information of its customers. **Exhibit S**.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit S purports on its face to be a document entitled "Assurance of Discontinuance" signed by Zoetop, SDC, and the Office of the Attorney General of the State of New York, which document speaks for itself. Roadget denies the remaining allegations contained in Paragraph 76 of the SAC.

77.     The Assurance indicates that Defendant SHEIN and Zoetop were required to pay the State of New York $1.9 million in penalties and costs. The Assurance indicates that Defendant SHEIN is liable for the debts of Defendant Zoetop. **Exhibit AH**.

**ANSWER:**

These allegations are directed to Zoetop and/or SDC. A response from Roadget is not required. To the extent a response is required, the Assurance speaks for itself. Roadget denies the remaining allegations contained in Paragraph 77 of the SAC.

78.     Further, the LinkedIn page of Jasmine Zhao Johnson identifies Defendant SHEIN as her most recent employer. She was previously employed by Shein and Defendant FMMG. Upon information and belief, Jasmine Zhao Johnson is an employee of Defendants

SHEIN and FMMG. **Exhibit U**.

**ANSWER:**

These allegations are directed to FMMG and/or SDC, and the images and content depicted in Exhibit U to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit U purports on its face to be a printout of the LinkedIn page of Jasmine Zhao Johnson, which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the SAC and, therefore, denies them.

### DEFENDANT FMMG

79. Tianhai's investigations showed that FMMG's role in the Copyright Infringement Scheme was to provide digital marketing and advertising services to Defendant SHEIN for the infringing products containing Tianhai's copyrighted lace designs complained of in this action.

**ANSWER:**

These allegations are directed to FMMG and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the SAC and, therefore, denies them.

80. Specifically, FMMG describes itself as a "complete digital marketing agency based in Los Angeles" with a website at www.fmmg.us on its LinkedIn webpage at https://www.linkedin.com/company/fashion-marketing-merchandising-group-inc/about/. A true and correct printout of FMMG's LinkedIn "About" webpage is attached as **Exhibit V**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit V to the SAC speak for themselves. A response from Roadget is not required. To

the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit V purports on its face to be a printout of the FMMG's LinkedIn "About" webpage, which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the SAC and, therefore, denies them.

81.    FMMG's LinkedIn webpage states that "We help you create moments that inspire and innovate through effective marketing campaigns, digital strategy, and full-fledged branding experiences." **Exhibit V**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit V to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit V purports on its face to be a printout of FMMG's LinkedIn "About" webpage, which document speaks for itself. Roadget denies the remaining allegations contained in Paragraph 81 of the SAC.

82.    Internet archives showed that FMMG's website at www.fmmg.us listed "SHEIN" as one of its clients for which FMMG provided branding and marketing services on and before December 28, 2021:

(https://web.archive.org/web/20211228161839/https://www.fmmg.us/). A true and correct printout of the Internet archive of www.fmmg.us is attached as **Exhibit W**.

**ANSWER:**

These allegations are directed to FMMG and/or SDC, and the images and content depicted in Exhibit W to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit W purports on its face to be a printout from an internet

archive showing FMMG's now defunct website, which document speaks for itself. Roadget denies the remaining allegations contained in Paragraph 82 of the SAC.

83.    All of the brands referenced on FMMG's web site (e.g., SHEIN, ROMWE, CUCCOO, and SOULFEEL [sic]) are owned or used by Defendant SHEIN or other Defendants in this case. On information and belief FMMG only provided services to other Defendants or companies controlled by other Defendants in this case.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 83 of the SAC contains allegations directed to Roadget, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, SDC uses or has used the brands SHEIN, ROMWE, and CUCCOO. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the SAC and, therefore, denies them.

84.    Tianhai's investigations showed that Defendant FMMG syndicated paid content through www.google.com and GMAIL to advertise, market, and promote that content, which contained images of the infringing products complained of in this action, through digital newsletters and social media accounts for other Defendants, including Defendant SHEIN. True and correct copies of screenshots of Defendants' social media accounts are attached as **Exhibit J**.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the SAC and, therefore, denies them.

85.    Defendants have made available a category of apparel products identified as "Lace" on their website. True and correct copies of screenshots of Defendants' webpages

of "Lace" are attached as **Exhibit K**.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 85 of the SAC contains allegations directed to Roadget, Roadget admits that a category of apparel products identified as "Lace" appears on the us.shein.com website and that Exhibit K purports on its face to be a document containing copies of screenshots of the website, which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies them.

86.    FMMG knew that the SHEIN-branded products being marketed were infringing because it operated out of the same business address at 345 N. Baldwin Park Blvd., City of Industry, CA 91746 and had the same officers and employees as Defendant SHEIN that directly manufactured the infringing products.

**ANSWER:**

These allegations are directed to FMMG and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies that SDC manufactured the allegedly infringing products. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the SAC and, therefore, denies them.

87.    FMMG is directly liable as an infringer because it is a participant in the chain of promotion and distribution for the infringing products complained of in this action.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent Roadget is required to respond to the legal conclusions in Paragraph 87 of the SAC, Roadget denies the allegations contained in this Paragraph.

88.    Upon information and belief FMMG was at all relevant times an alter ego of one or more of its co-Defendants SHEIN, Zoetop, Roadget, and Style Link with a unity of

interest and ownership such that the separate personalities of the corporations no longer exist.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 88 of the SAC contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 88 of the SAC.

89.    FMMG was originally incorporated as Shein Fashion Group, Inc. with the State of California on December 22, 2015, as demonstrated by Articles of Incorporation of Shein Fashion Group, Inc., a true and correct copy of which is attached as **Exhibit A**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit A to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit A purports on its face to be a copy of a document entitled "ARTICLES OF INCORPORATION of Shein Fashion Group, Inc.," which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the SAC and, therefore, denies them.

90.    On November 5, 2019, FMMG removed the word "Shein" from its company name in a filing with the State of California, as demonstrated by Secretary of State Certificate of Amendment of Articles of Incorporation, a true and correct copy of which is attached as **Exhibit B**.

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit B to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant

to respond, Exhibit B purports on its face to be a copy of a document entitled "Secretary of State Certificate of Amendment of Articles of Incorporation," which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 of the SAC and, therefore, denies them.

91.    Upon information and belief, FMMG previously held itself out as "SHEIN" to the public.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the SAC and, therefore, denies them.

92.    Upon information and belief, FMMG only marketed the brands of other Defendants in this case and thus has an identity of interests with Defendant SHEIN and the other Defendants.

**ANSWER:**

To the extent these allegations are directed to FMMG and/or SDC, a response from Zoetop is not required. To the extent Paragraph 92 contains allegations directed to Roadget, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the SAC and, therefore, denies them.

93.    On December 9, 2021, FMMG disclosed its address of 345 N. Baldwin Park Blvd., City of Industry, CA 91746 as demonstrated by Statement of Information, a true and correct copy of which is attached as **Exhibit C**. Defendant FMMG shares this address with Defendant's SHEIN and Style Link [sic].

**ANSWER:**

These allegations are directed to FMMG, and the images and content depicted in Exhibit C to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant

to respond, Exhibit C purports on its face to be a copy of a document entitled "Corporate –
Statement of Information" bearing a date of December 9, 2021, which document speaks for
itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of
the remaining allegations contained in Paragraph 93 of the SAC and, therefore, denies them.

94.    George Chiao is an employee of FMMG. **Exhibit X**. In his LinkedIn profile,
George Chiao identifies himself as an employee of Defendant SHEIN. **Exhibit Y**. George
Chiao is the Chief Executive Officer of Defendant SHEIN. **Exhibit D**.

**ANSWER:**

These allegations are directed to FMMG and/or SDC, and the images and content
depicted in Exhibit D to the SAC speak for themselves. A response from Roadget is not
required. To the extent a response is required, Roadget admits that, to the best of its
knowledge, information, and belief, and without prejudice to the right and ability of any
other defendant to respond, George Chiao is SDC's Chief Executive Officer and President,
and identifies himself as an employee of SDC. Roadget denies the remaining allegations
contained in Paragraph 94 of the SAC.

95.    Upon information and belief, Valerie Ho, corporate secretary and general
counsel of Defendant SHEIN, is an officer, member, or employee of Defendant FMMG.

**ANSWER:**

These allegations are directed to FMMG and/or SDC. A response from Roadget is
not required. To the extent a response is required, Roadget admits that, to the best of its
knowledge, information, and belief, and without prejudice to the right and ability of any
other defendant to respond, Valerie Ho is the corporate secretary and general counsel of
SDC. Roadget denies the remaining allegations contained in Paragraph 95 of the SAC.

96.    Further, the LinkedIn page of Jasmine Zhao Johnson identifies Defendant
SHEIN as her most recent employer. She was previously employed by Shein and Defendant
FMMG. Upon information and belief, Jasmine Zhao Johnson is an employee of Defendants
FMMG and SHEIN. **Exhibit U**.

**ANSWER:**

These allegations are directed to FMMG and/or SDC, and the images and content depicted in Exhibit U to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit U purports on its face to be a printout of the LinkedIn page of Jasmine Zhao Johnson, which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the SAC and, therefore, denies them.

97.    Defendant FMMG shares the same corporate employees as Defendant SHEIN.

**ANSWER:**

These allegations are directed to FMMG and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 97 of the SAC.

98.    Upon information and belief, Defendant FMMG shares the identical equitable ownership as Defendant SHEIN and the other Defendants in this case.

**ANSWER:**

To the extent these allegations are directed to FMMG and/or SDC, a response from Roadget is not required. To the extent the allegations contained in Paragraph 98 of the SAC are understood, Roadget denies such allegations.

99.    Upon information and belief, Defendant FMMG has commingled funds with Defendant SHEIN and other Defendants in this case.

**ANSWER:**

To the extent these allegations are directed to FMMG and/or SDC, a response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 99 of the SAC.

100.    Upon information and belief, Defendant FMMG has not observed corporate formalities to distinguish itself as an independent entity.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the SAC and, therefore, denies them.

101.  If the acts of the Defendant SHEIN and the other Defendants are attributed to them alone and not also FMMG, an inequitable result will follow.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 101 of the SAC contains allegations directed to Roadget and Roadget is required to respond to the legal conclusions therein, Roadget denies the allegations contained in this Paragraph.

102.  The principals, Defendants Zoetop, SHEIN, and Roadget, are liable for the acts committed by Defendant FMMG while in the scope of the agent's authority.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 102 of the SAC contains allegations directed to Roadget and Roadget is required to respond to the legal conclusions therein, Roadget denies the allegations contained in this Paragraph.

103.  Defendant FMMG was employed as a business coordinator and to provide digital marketing and advertising services with respect to the infringing products.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 103 of the SAC.

104.  Defendant FMMG's infringing acts occurred at authorized places and times during its employment by the other co-Defendants Zoetop, SHEIN, and Roadget.

**ANSWER:**

To the extent these allegations are directed to SDC, FMMG, and/or Zoetop, a response from Roadget is not required. To the extent Paragraph 104 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 104 of the SAC.

105.    Defendant FMMG's infringing acts were intended to assist its principals.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the SAC and, therefore, denies them.

106.    Defendant FMMG's infringing acts were anticipated by or directed by its principals.

**ANSWER:**

These allegations are directed to FMMG. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the SAC and, therefore, denies them.

## **DEFENDANT ROADGET**

107.    Defendant Roadget participated in the Copyright Infringement Scheme by developing mobile applications that allowed for the purchase of infringing products that incorporated Tianhai's copyrighted laces. Defendant Roadget also shipped infringing products that incorporated Tianhai's copyrighted laces.

**ANSWER:**

Roadget denies the allegations contained in Paragraph 107 of the SAC.

108.    Defendant Roadget is listed as the developer of the mobile application "SHEIN-Fashion    Shipping    Online"    on    Google    Play    at https://play.google.com/store/apps/details?id=com.zzkko&hl=en    and    the    mobile application "SHEIN-Online Fashion" on App Store at https://itunes.apple.com/us/app/yub-

streetwear-fashion-shopping/id878577184?mt=8, a true and correct copy of which is attached as **Exhibit F**.

**ANSWER:**

Roadget admits that Exhibit F purports on its face to be printouts from websites at https://apps.apple.com/us/app/yub-streetwear-fashion-shopping/id878577184 and https://play.google.com/store/apps/details?id=com.zzkko&hl=en each dated August 25, 2022, which documents speak for themselves. Roadget denies the remaining allegations contained in Paragraph 107 of the SAC.

109. Defendant Roadget owns and operates the website available at www.us.shein.com, the "SHEIN-Fashion Shipping Online" mobile application offered on Google Play, and the "SHEIN-Online Fashion" mobile application offered on App Store. See **Exhibit N**.

**ANSWER:**

Roadget admits that it owns the us.shein.com website, the "SHEIN-Fashion Shipping Online" mobile application offered on Google Play, and the "SHEIN-Online Fashion" mobile application offered on App Store. To the extent the remaining allegations contained in Paragraph 109 of the SAC are understood, Roadget denies such allegations.

110. Tianhai's investigations revealed that Defendants sold products that incorporated Tianhai's copyrighted laces off the mobile applications "SHEIN-Fashion Shipping Online" on Google Play and "SHEIN-Online Fashion" on App Store. A true and correct copy of Tianhai's test purchase confirmation is attached as **Exhibit G**.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 110 of the SAC contains allegations directed to Roadget, Roadget denies that it sold products that incorporated Tianhai's copyrighted laces off the mobile applications "SHEIN-Fashion Shipping Online" on Google Play and "SHEIN-Online Fashion" on App Store. Roadget lacks information or knowledge sufficient to form

a belief as to the truth of the remaining allegations contained in this Paragraph and, therefore, denies them.

111.  **Exhibit T** shows that Defendant Roadget facilitated numerous shipments of garments. These shipments were consigned by Defendant SHEIN. Upon information and belief, these shipments included infringing products featuring Tianhai's lace designs.

**ANSWER:**

To the extent these allegations are directed to SDC, a response from Roadget is not required. To the extent Paragraph 111 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 111 of the SAC.

112.  Defendant Roadget shipped the products that incorporated Tianhai's copyrighted laces from China to Plaintiffs' investigators. These products were forwarded through a warehouse or storage facility in this District that is rented by Defendant SHEIN and operated by co-Defendant Style Link:

A true and correct copy of the shipping labels used on products purchased by Tianhai's investigators is attached as **Exhibits H and O**.

**ANSWER:**

To the extent these allegations are directed to Style Link and/or SDC, a response from Roadget is not required. To the extent Paragraph 112 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 112 of the SAC.

113.  As discussed above, a true and correct copy of U.S. Customs database details through the ports of Los Angeles and Long Beach, California and a graphic chart outlining the relationships between Defendants Style Link, Roadget, and SHEIN from ImportGenius is attached as **Exhibit R**. Notably, **Exhibit R** shows Defendant Roadget was involved in the shipment of transparent SHEIN plastic bags and a variety of garments that, upon information and belief, included infringing products featuring Tianhai's lace designs.

**ANSWER:**

To the extent these allegations are directed to Style Link and/or SDC, a response from Roadget is not required. To the extent Paragraph 113 contains allegations directed to

Roadget, Roadget denies the allegations contained in Paragraph 113 of the SAC.

114. Between November 28, 2021 and November 18, 2022 alone, Defendant Roadget shipped eighty-one (81) shipments of garments and accessories, including garments that infringe Tianhai's copyrighted lace designs, from China to Defendant SHEIN in Los Angeles, California through the ports of Los Angeles and Long Beach in this District. A true and correct copy of these importation and shipment details is attached as **Exhibit P**. The total weight of these imported products amounts to 1,694,698 pounds.

**ANSWER:**

Roadget denies the allegations contained in Paragraph 114 of the SAC.

115. Upon information and belief, Roadget routinely ships products, including the infringing products, to the U.S., including through ports located in this District.

**ANSWER:**

Roadget denies the allegations contained in Paragraph 115 of the SAC.

**DEFENDANT STYLE LINK**

116. Defendant Style Link participated in the Copyright Infringement Scheme by providing packaging, distribution, fulfillment, and other logistics services for the manufacturer of the infringing products, Defendant SHEIN. Indeed, Style Link's formal name includes the term "logistics" which identifies its role with respect to the other Defendants. "Logistics is the management of the movement of resources, goods, and services from the point of origin to the point of consumption in order to meet customer needs." **Exhibit Z**.

**ANSWER:**

These allegations are directed to Style Link and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, Exhibit Z purports to define "Logistics" as "the management of the movement of resources, goods, and services from the point of origin to the point of

consumption in order to meet customer needs." Roadget denies the remaining allegations contained in Paragraph 116 of the SAC.

117.    Defendant Style Link has posted numerous job advertisements that cast light on its role in the Copyright Infringement Scheme. **Exhibit AA**. "Typical responsibilities [of these positions] include restocking shelves, processing and packing orders and ensuring orders are shipped in a timely manner." Additional duties include "preparing orders for shipment," "receiving, processing, labeling, and storing incoming inventory," and "inventory organization and maintenance." Defendant Style Link is actively involved in the distribution of infringing products by shipping, receiving, processing, storing, and warehousing of goods for Defendant SHEIN.

**ANSWER:**

These allegations are directed to Style Link and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the SAC and, therefore, denies them.

118.    Defendant Style Link also imports products to the U.S. for Defendant Roadget and Defendant SHEIN. As discussed above, a true and correct copy of customs database details through the ports of Los Angeles and Long Beach, California and a graphic chart outlining the relationships between Defendants Style Link, Roadget, and SHEIN from ImportGenius is attached as **Exhibit R**.

**ANSWER:**

To the extent these allegations are directed to Style Link and/or SDC, a response from Roadget is not required. To the extent Paragraph 118 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 118 of the SAC.

119.    **Exhibit R** demonstrates that Defendant Style Link imported transparent SHEIN plastic bags.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 119 of the SAC.

120.    Defendants FMMG and Style Link also received packaging from Defendant Zoetop. **Exhibit AB**.

**ANSWER:**

These allegations are directed to Style Link, Zoetop, and/or FMMG. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the SAC and, therefore, denies them.

121.    Defendant SHEIN is well-known for its excessive use of transparent plastic bag packaging. **Exhibit AC**. Notably, "[e]ach order from Shein arrives in a clear plastic bag with "SHEIN" written down the side and a zipper across the top." **Exhibit AD**.

**ANSWER:**

These allegations are directed to SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, some products ordered from SDC arrive in clear plastic bags with "SHEIN" displayed on the bags. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 of the SAC and, therefore, denies them.

122.    Examples of these bags from test purchases made as part of Tianhai's investigations are shown in **Exhibit L**, pp. 261, 263, 279, 281, 289, 291, 298, 300, 315, 317, 328, 330, 337, 339, 369, 371-72, 374, 383, 385, 392-94, 396. The SHEIN bags were filled by Style Link with the infringing copyrighted lace products. **Exhibit L**, p. 262, 292, 299.

**ANSWER:**

To the extent these allegations are directed to Style Link, a response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge

sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the SAC and, therefore, denies them.

123.    The California Secretary of State's website indicates that Defendant Style Link Logistics LLC's mailing address is 347 S. Stimson Ave., City of Industry, CA 91744. **Exhibit AE**. Test purchases made as part of Tianhai's investigations show packages listing Defendant Style Link's address as the sender's address for the infringing products. **Exhibits O and AF**.

**ANSWER:**

These allegations are directed to Style Link, and the images and content depicted in Exhibit AE to the SAC speak for themselves. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, 347 S. Stimson Ave., City of Industry, CA 91744 is a mailing address of Style Link. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 of the SAC and, therefore, denies them.

124.    347 S. Stimson Ave., City of Industry, CA 91744 is the address of a warehouse or storage facility that, upon information and belief, is rented by Defendant SHEIN. **Exhibit O**. As noted above, infringing products incorporating Tianhai's copyrighted lace designs purchased by Tianhai's investigators were shipped by Defendant Roadget through a facility at this same address.

**ANSWER:**

To the extent these allegations are directed to SDC, a response from Roadget is not required. To the extent Paragraph 124 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 124 of the SAC.

125.    In light of the above and based upon information and belief, Defendant Style Link receives the infringing garments shipped by Defendant Roadget and imported by Defendant SHEIN and then packages them for sale and distribution using the transparent

SHEIN plastic bags that Defendant Style Link has imported. Subsequently, Defendant Style Link processes the orders for the infringing products and ships them to the customers.

**ANSWER:**

To the extent these allegations are directed to SDC and/or Style Link, a response from Roadget is not required. To the extent Paragraph 125 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 125 of the SAC.

126.    Defendant Style Link knew that the SHEIN-branded products being marketed were infringing because it operated out of the same business address at 345 N. Baldwin Park Blvd., City of Industry, CA 91746 and had the same officers and employees as Defendant SHEIN that directly manufactured the infringing products.

**ANSWER:**

These allegations are directed to SDC and/or Style Link. A response from Roadget is not required. To the extent a response is required, Roadget denies that SDC manufactured the allegedly infringing products. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the SAC and, therefore, denies them.

127.    Therefore, Defendant Style Link is directly liable as an infringer because it is a participant in the chain of distribution for the infringing products.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent Roadget is required to respond to the legal conclusions in Paragraph 127 of the SAC, Roadget denies the allegations contained in this Paragraph.

128.    Upon information and belief, Style Link is an alter ego of Defendant SHEIN and perhaps other co-Defendants Zoetop, FMMG, and Roadget, with a unity of interest and ownership such that the separate personalities of the corporations no longer exist.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations

against it. To the extent Paragraph 128 of the SAC contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 128 of the SAC.

129.   A true and correct copy of Defendant Style Link's Application to Register a Foreign Limited Liability Company (LLC) filed with the State of California on May 25, 2021 is attached as **Exhibit Q**. It lists Defendant Style Link's address as 345 N. Baldwin Park Blvd., City of Industry, CA 91746. This address is identical to the addresses of and listed with the State of California by Defendants SHEIN and FMMG. Defendant Style Link's Application to Register a Foreign Limited Liability Company (LLC) was signed by George Chiao under penalty of perjury that he was authorized to sign on behalf of Defendant Style Link.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget admits that Exhibit Q purports on its face to be a copy of a document entitled "Application to Register a Foreign Limited Liability Company (LLC)" bearing a date of May 25, 2021, which document speaks for itself. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129 of the SAC and, therefore, denies them.

130.   A true and correct copy of Defendant Style Link's Certificate of Organization issued by the State of Indiana on April 15, 2021 is attached as **Exhibit AG**. It lists Defendant Style Link's address as 345 N. Baldwin Park Blvd., City of Industry, CA 91746. This address is identical to the addresses of and listed with the State of California by Defendants SHEIN and FMMG. Defendant Style Link's Articles of Incorporation were signed by George Chiao who is identified as the manager of Defendant Style Link.

**ANSWER:**

These allegations are directed to Style Link, SDC, and/or FMMG. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, (i) Exhibit AG purports on its face to be copies of

documents from the State of Indiana Office of the Secretary of State, which documents speak for themselves, and (ii) that Style Link's Articles of Organization bear George Chiao's signature. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130 of the SAC and, therefore, denies them.

131.    Upon information and belief, Valerie Ho is an officer, member, or employee of Defendant Style Link.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 131 of the SAC.

132.    Defendant Style Link shares the same corporate employees as Defendant SHEIN. George Chiao is the Chief Executive Officer of Defendant SHEIN. Valerie Ho is the secretary and general counsel of Defendant SHEIN.

**ANSWER:**

These allegations are directed to Style Link and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget admits that, to the best of its knowledge, information, and belief, and without prejudice to the right and ability of any other defendant to respond, George Chiao is the CEO of SDC and Valerie Ho is the secretary and general counsel of SDC. Roadget lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132 of the SAC and, therefore, denies them.

133.    Defendant Style Link shares the same corporate employees as Defendant FMMG. George Chiao is an employee of FMMG. Upon information and belief, Valerie Ho is an officer, member, or employee of Defendant FMMG.

**ANSWER:**

These allegations are directed to Style Link and/or FMMG. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations

contained in Paragraph 133 of the SAC.

134.    Defendant Style Link shares the same offices at 345 N. Baldwin Park Blvd., City of Industry, CA 91746 with Defendants SHEIN and FMMG.

**ANSWER:**

These allegations are directed to Style Link, SDC, and/or FMMG. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 134 of the SAC.

135.    Defendant Style Link shares the same warehouse or storage facility at 347 S. Stimson Ave., City of Industry, CA 91744 with Defendants SHEIN and Roadget.

**ANSWER:**

To the extent these allegations are directed to Style Link and/or SDC, a response from Roadget is not required. To the extent Paragraph 135 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 135 of the SAC.

136.    Each of Defendant Style Link's job postings refer to it as "SHEIN dba Style Link Logistics." The advertisements do not differentiate between Defendant Style Link and Defendant SHEIN when describing Defendant Style Link's business and appear to hold Defendant Style Link as either being Defendant SHEIN or that it is actively controlled by Defendant SHEIN.

**Exhibit AA**.

**ANSWER:**

These allegations are directed to Style Link and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 136 of the SAC.

137.    These job postings indicate that Defendant Style Link serves as a mere conduit for Defendant SHEIN's affairs. Specifically, it suggests that Defendant SHEIN is responsible for the financial affairs of Defendant Style Link, and that it actively controls the employment decisions of Defendant Style Link.

**ANSWER:**

These allegations are directed to Style Link and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 137 of the SAC.

138.   Upon information and belief, Defendant Style Link has commingled funds with Defendant SHEIN.

**ANSWER:**

These allegations are directed to Style Link and/or SDC. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 138 of the SAC.

139.   Upon information and believe, Defendant Style Link has not observed corporate formalities to distinguish itself as an independent entity.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the SAC and, therefore, denies them.

140.   If the acts of Defendant SHEIN and the other Defendants are attributed to them alone and not also Style Link, an inequitable result will follow.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 140 of the SAC contains allegations directed to Roadget and Roadget is required to respond to the legal conclusions therein, Roadget denies the allegations contained in Paragraph 140 of the SAC.

141.   The principals, Defendants Zoetop, SHEIN, and Roadget, are liable for the acts committed by Defendant Style Link while in the scope of the agent's authority.

**ANSWER:**

To the extent these allegations are directed to Zoetop, Style Link, and/or SDC, a response from Roadget is not required. To the extent Paragraph 141 contains allegations directed to Roadget and Roadget is required to respond to the legal conclusions in this Paragraph, Roadget denies the allegations contained in Paragraph 141 of the SAC.

142. Defendant Style Link was employed to perform logistics, packaging, distributing, and order fulfillment tasks with respect to the infringing products.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 142 of the SAC.

143. Defendant Style Link's infringing acts occurred at authorized places and times during employment by the other co-Defendants Zoetop, SHEIN, and Roadget.

**ANSWER:**

To the extent these allegations are directed to Zoetop, Style Link, and/or SDC, a response from Roadget is not required. To the extent Paragraph 143 contains allegations directed to Roadget, Roadget denies the allegations contained in Paragraph 143 of the SAC.

144. Defendant Style Link's infringing acts were intended to assist its principals.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 144 of the SAC.

145. Defendant Style Link's infringing acts were anticipated by or directed by its principals.

**ANSWER:**

These allegations are directed to Style Link. A response from Roadget is not required. To the extent a response is required, Roadget denies the allegations contained in Paragraph 145 of the SAC.

## INJURY TO TIANHAI

146.   Defendants' willful and pervasive infringement of Tianhai's lace designs, protected by the U.S. Registered Copyrights, has caused Tianhai to lose sales because Defendants did not purchase genuine Tianhai lace for use in their products.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Roadget is required to respond to the legal conclusions in Paragraph 146 of the SAC, Roadget denies that Plaintiffs are entitled to any relief whatsoever. Roadget also denies any remaining allegations contained in this Paragraph.

147.   Defendants' willful and pervasive infringement of Tianhai's lace designs, protected by the U.S. Registered Copyrights, has caused Tianhai to lose licensing income because Defendants are not authorized licensees, and paid no royalties or licensing fees for the right to reproduce Tianhai's copyrighted designs.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Roadget is required to respond to the legal conclusions in Paragraph 147 of the SAC, Roadget denies that Plaintiffs are entitled to any relief whatsoever. Roadget also denies any remaining allegations contained in this Paragraph.

148.   Defendants' infringement of Tianhai's lace designs has damaged and irreparably injured Tianhai and, if permitted to continue, will further damage and irreparably injure Tianhai.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Roadget is required to respond to the legal conclusions in Paragraph 148 of the SAC, Roadget denies that Plaintiffs are entitled to any relief whatsoever. Roadget

also denies any remaining allegations contained in this Paragraph.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement Under the Copyright Act

## 17 U.S.C. § 101 et seq.

149.   Tianhai hereby re-alleges and incorporates by reference each of the foregoing paragraphs and other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

**ANSWER:**

To the extent Paragraph 149 of the SAC requires a response, Roadget repeats and incorporates by reference its answers to all of the foregoing Paragraphs in the SAC as if fully set forth herein.

150.   At all relevant times, Tianhai has been the holder of the exclusive rights in its lace designs, which are subject to copyright protection in the United States, as evidenced by the U.S. Copyright Registrations.

**ANSWER:**

Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the SAC and, therefore, denies them.

151.   At all relevant times, Defendants had access to Tianhai's lace designs.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 151 of the SAC contains allegations directed to Roadget, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies them.

152.   Defendants, without authorization, reproduced, distributed, displayed, created derivative works of, and otherwise infringed Tianhai's lace designs as described herein in willful violation of Tianhai's rights under the Copyright Act.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 152 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

153.    Each of the Defendants are jointly and severally liable for the damages suffered by Tianhai.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Paragraph 153 of the SAC contains allegations directed to Roadget, Roadget denies such allegations.

154.    At all relevant times, Tianhai's actions have been willful and undertaken with full knowledge of, and/or reckless disregard for, Tianhai's rights.

**ANSWER:**

To the extent Paragraph 154 of the SAC contains any allegations against Roadget or any other defendant, and to the extent such allegations are understood, Roadget lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, therefore, denies them.

155.    Tianhai has suffered actual monetary damages and incurred significant costs as a direct and proximate result of Defendants' direct and willful infringement of Tianhai's copyrights.

**ANSWER:**

Roadget denies it is appropriate to refer to any defendants named in the SAC in a collective manner, as doing so fails to provide Roadget with fair notice of the allegations against it. To the extent Roadget is required to respond to the legal conclusions in Paragraph 155 of the SAC, Roadget denies that Plaintiffs are entitled to any relief whatsoever. Roadget also denies any remaining allegations contained in this Paragraph.

## **PRAYER FOR RELIEF**

WHEREFORE, Tianhai requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.    A judgment declaring that Defendants' unauthorized reproduction, distribution, display, or creation of derivative works of Tianhai's lace designs constitutes copyright infringement, as detailed above;

B.    An award of statutory damages to Tianhai under 17 U.S.C. § 504(c) for willful copyright infringement or, at Tianhai's election, under 17 U.S.C. § 504(b), an award of actual damages to Tianhai, Defendants' profits from infringement, and prejudgment and post-judgment interest, in an amount to be determined at trial;

C.    An award to Tianhai of attorneys' fees and costs under 17 U.S.C. § 505.

D.    An injunction enjoining Defendants and their subsidiaries, affiliates, related companies, their officers, agents, employees, and all persons acting in concert with them from any and all sale, reproduction, distribution, display, or creation of derivative works substantially similar to any Tianhai lace design;

E.    Pursuant to 17 U.S.C. § 503, an order for the impoundment and destruction of all infringing products and materials, including but not limited to accessories, laces, fabrics, textile products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any design or pattern identical or substantially similar to Tianhai's copyright lace designs;

F.    A judgment that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession, custody or control that rightfully belong to Tianhai;

G.    A judgment directing Defendants to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Tianhai's attorneys a report

in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

H.    Any further relief, as permitted by law and as the Court may deem just and appropriate.

**ANSWER:**

To the extent Roadget is required to respond to the Prayer For Relief, Roadget denies that Plaintiffs are entitled to the relief sought in Paragraphs A through H or are otherwise entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Roadget asserts the following affirmative and other defenses in response to the allegations in the SAC, undertaking to prove only those defenses on which it bears the burden of proof under applicable law. Roadget expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

Plaintiffs' SAC, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Roadget.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Roadget.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

Plaintiffs' claims are barred, in whole or in part, because Roadget's copying, if any, of any element of the works in which Plaintiffs allege a copyright interest, did not involve the use of any elements of the works protected by copyright.

//
//

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Requisite Originality and/or Creativity)**

Plaintiffs' claims are barred, in whole or in part, because Roadget's copying, if any, of any element of the works in which Plaintiffs allege a copyright interest, did not involve the use of any elements of the works sufficiently original to warrant copyright protection.

**FIFTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Willfulness)**

Plaintiffs' remedies are barred in whole or in part because Roadget has not willfully infringed any intellectual property or other rights owned by Plaintiffs and because Roadget has acted in good faith and without any intention of injuring Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Invalidity of Plaintiffs' Works)**

Plaintiffs' copyrights in some or all of the works at issue are invalid.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join indispensable parties to the action.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to assert their claims.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Acquiescence)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Mitigation of Damages)

Plaintiffs' claims are barred, in whole or part, because they have failed to mitigate any alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Scenes a Faire* and Merger)

Plaintiffs' claims are barred, in whole or in part, under the *scenes a faire* and merger doctrines.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Conduct)

Damages or injuries, if any, suffered by Plaintiffs are attributable to Plaintiffs' own conduct, deeds, words, acts and/or omissions, and not to any conduct, deeds, acts, words, or omissions of Roadget.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Damages or injuries, if any, suffered by Plaintiffs are attributable to the conduct, deeds, words, acts and/or omissions of third parties, and not to any conduct, deeds, acts, words, or omissions of Roadget.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Defective Copyright Registrations)

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations upon which Plaintiffs' claims are purportedly based are invalid and/or do not apply to the works at issue in this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Non-Ownership)

Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot establish that they own all right, title and interest in and to the works that are allegedly subject to copyright protection.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiffs are not entitled to injunctive relief, because, without limitation, any alleged injury to Plaintiffs is theoretical, not immediate or irreparable, and because Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs have suffered no damages as a result of any of Roadget's alleged actions or inactions. Moreover, Plaintiffs are not entitled to any damages because the alleged damages, if any, are speculative.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

Plaintiffs' claims for statutory damages under 17 U.S.C. §§ 504(c) are barred, in whole or in part, because Roadget could not be aware or have believed that its acts constituted infringement of a valid copyright.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statutory Damages Limited)

Plaintiffs' statutory damages, if existent or permitted, are limited by, *inter alia*, the Due Process Clause of the United States Constitution, the applicable law of the Ninth Circuit and the Central District of California, and/or to the extent they do not bear a reasonable relationship to actual damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Plaintiffs' SAC fails to state facts sufficient to state a claim for costs and attorneys' fees against Roadget.

//

//

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (License)

Plaintiffs' claims are barred, in whole or in part, because Roadget had or has a lawful, express or implied license, granted or authorized by or on behalf of Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

Plaintiffs' claims are barred, in whole or in part, by the first sale doctrine under 17 U.S.C. § 109.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

Plaintiffs' claims are barred, in whole or in part, to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes *de minimis* use.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Independent Creation / No Copying)

Any similarities between Plaintiffs' works and the allegedly infringing products are not the result of any actual copying of Plaintiffs' works by Roadget or its agents. On information and belief, the designs appearing on the allegedly infringing products were independently created by third-party vendor(s), suppliers, and/or designers.

## PRAYER FOR RELIEF

**WHEREFORE**, Roadget prays for judgment as follows:

1.     That the Court find against Plaintiffs and for Roadget on each count in Plaintiffs' SAC;

2.     That the Court find against Plaintiffs and for Roadget on Roadget's Affirmative Defenses;

3.     That the Court deny Plaintiffs any and all of their requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;

4.     That Roadget be awarded its attorneys' fees and costs as permitted by law; and

5.     That Roadget be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Roadget requests a trial by jury of all issues triable by jury.


Dated: March 24, 2023          GREENBERG TRAURIG, LLP


By:     /s/ Nina D. Boyajian
      Nina D. Boyajian
      *Attorney for Defendant Roadget Business Pte., Ltd.*